## FIDELITY & DEPOSIT CO. v. BANKERS' TRUST CO.

(Court of Civil Appeals of Texas. El Paso. Nov. 20, 1913. Rehearing Denied Dec. 11, 1913.)

1. APPEAL AND ERROR (§ 736*)—ASSIGNMENTS OF ERROR—MULTIFARIOUS ASSIGNMENTS.

In an action on a bond executed by defendant to indemnity against nonperformance of a contract to build a house and to protect plaintiff, who made a deposit of $5,400 to assist the contractor in building, there were assignments of error in rendering judgment for plaintiff, because there is no evidence that the contractor was insolvent, or that the $5,400 advanced by plaintiff could not be collected from him, and defendant should not be required to reimburse plaintiff for additional expenditure which plaintiff voluntarily elected to make, to get back its deposit, and also that the court erred in rendering judgment for plaintiff because, in completing the building and making an additional expenditure, plaintiff acted as volunteer, without request, and that it was not shown that the contractor was insolvent, so as to make it necessary to do so in order to collect the $5,400 advanced to him. Held that the assignment was multifarious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

2. PRINCIPAL AND SURETY (§ 163*)—SURETY'S LIABILITY.

Where, in an action on a bond executed to secure the performance of a contract to erect a house and to secure plaintiff in making a deposit to assist the contractor brought by such depositor against the contractor, judgment was rendered against both the surety and the contractor, with execution to issue first against the contractor and judgment for the surety over against him, it was immaterial whether the contractor was solvent with respect to the surety's liability to reimburse such depositor.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 446–454; Dec. Dig. § 163.*]

3. PRINCIPAL AND SURETY (§ 160*)—CONSTRUCTIVE CONTRACTS—ACTION ON BOND—ADMISSION OF EVIDENCE.

In an action on a bond to indemnify against the failure of a building contractor to construct a building and to indemnify plaintiff, who made a deposit to assist the contractor, evidence that plaintiff was not an owner of the house, though so designated in the bond, but merely advanced the money to the contractor, was admissible to establish plaintiff's interest in the subject-matter.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 436–438; Dec. Dig. § 160.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by the Bankers' Trust Company against the Fidelity & Deposit Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Gill, Jones & Tyler, of Houston, for appellant. Hunt, Myer & Teagle and W. S. Bailey, all of Houston, for appellee.

HARPER, C. J. The appellee, Bankers' Trust Company, instituted this suit against appellant, Fidelity & Deposit Company, on a bond of indemnity in the sum of $4,000. The petition alleges, in substance: That B. M. Levy contracted in writing with J. R. Darnell, whereby Darnell bound himself to furnish all material and construct a certain house, for the sum of $5,400. That for the purpose of assisting said Darnell in financing the contract the Bankers' Trust Company agreed in writing to, and did, deposit $5,400 in the Houston National Exchange Bank, to remain in escrow until the building was completed. And said company further agreed that in case Darnell should fail to complete the building according to the plans and specifications, and in the event that the Fidelity & Deposit Company failed to take over the contract after breach, then the Bankers' Trust Company to have the privilege of tak-

ing over the work of completing the house. And that for the purpose of securing the said Levy and said trust company in the full performance of the said contract by Darnell, the defendant executed its indemnity bond. That Darnell expended the full amount of the contract price, and then found that it would require more money to complete the house, which he could not command, nor could he secure credit for material. Thereupon he notified the parties. That he then refused to further continue the work under the contract. That immediately thereafter said Levy notified the defendant company; in response to this notice the plaintiff trust company furnished the material and finished the building at an additional cost of $2,763.07. That thereafter Levy transferred and assigned his interest in the bond sued on to plaintiff. Defendant pleaded general denial, and specially pleaded that it had an agreement with J. R. Darnell, C. J. Brown, and W. F. Patterson in writing to indemnify the Fidelity Company against loss, including attorney's fees and costs.

The trial court filed the following findings of fact:

"No. 1. I find from the undisputed testimony that on the 8th day of October, 1909, the defendant Darnell entered into a written contract with B. M. Levy to construct a residence for said Levy in the city of Houston, Tex.; Darnell to furnish all labor and material, and to complete said house for the sum of $5,400. That on the 12th day of October, 1909, the defendants, Darnell and Fidelity & Deposit Company, executed and delivered to Levy and the Bankers' Trust Company the bond sued on herein, in the sum of $4,000, and which was conditioned upon the faithful performance by said Darnell of said builder's contract, which was, by the terms of the bond, made a part of the bond.

"No. 2. I find that before this bond was executed and delivered a written application was made therefor by Darnell, filed with the local agent of the Fidelity & Deposit Company, and was sent by said agent to the said company's head office at Baltimore, Md. I find that before the bond was issued, the defendant deposit company had notice, in addition to the recital in its said bond, that the Bankers' Trust Company had an insurable interest in the Darnell-Levy building contract, and knew that said Bankers' Trust Company was seeking indemnification by having said bond issued as aforesaid, and that the deposit company knew, prior to issuing the bond, that said trust company had incurred some liability or assumed risk of financial loss in connection with the construction of said building by said Darnell.

"No. 3. I find that Darnell, Levy, and the Bankers' Trust Company had negotiations looking to the construction of this building by Darnell, and that the Bankers' Trust Company would only finance said Darnell on the condition of his giving it indemnity, and after such bond was given with said deposit company as surety, said Darnell, Levy, and Bankers' Trust Company reduced their prior agreement to writing on the 13th day of October, 1909, as shown by the 'escrow' or 'three party' agreement introduced in evidence. I find that the parties complied with the terms of said escrow agreement, Levy deposited the $5,400 in the bank, the Bankers' Trust Company advanced a like amount to Darnell in purchasing labor and material used by him on said building, and that Darnell proceeded with the work of construction of said house.

"No. 4. I find that Darnell proceeded with the construction of said house until the sum of $5,400, the contract price, had been exhausted, which was all advanced by the Bankers' Trust Company, and that Darnell then quit work and abandoned said contract because of his inability to purchase same on credit. I find that immediate notice of these facts was given to the deposit company by registered notice in the manner required by said bond, that said deposit company made no reply to said notice, and did not offer to complete said building, an that after a lapse of about 10 days the Bankers' Trust Company did take charge of said building, and complete the same at a cost of $2,756.03 to it over and above the contract price of $5,400; that said house was completed by said Bankers' Trust Company according to the plans and specifications agreed on by Darnell and Levy; that the additional labor, supplies, and material necessary to the completion were purchased at the market prices then prevailing, and same were so purchased, supplied, and paid for by the Bankers' Trust Company, and that said company has not been repaid any part thereof; that on completion and acceptance of the house by said Levy the escrow money $5,400 was released to the Bankers' Trust Company.

"No. 5. I find that at the time this bond was issued by the deposit company it took an indemnity bond from said Darnell with C. J. Brown and W. S. Paterson as sureties, which last bond also provided for costs and attorney's fees in favor of said Fidelity & Deposit Company in the event of loss or litigation involving said company; that by reason of Darnell's default, as aforesaid, the Fidelity & Deposit Company has been required to defend this action and retain attorneys, and that $150 is a reasonable fee for such services.

"No. 6. I find that prior to the execution of the deposit company bond of October 12, 1909, sued upon herein, Levy, Darnell, and the Bankers' Trust Company had verbally agreed among themselves upon the terms afterward embodied in the 'escrow agreement,' and that the deposit company when it executed said bond knew the substantial details of said three party agreement."

In its first, second, third, sixth, eleventh,

twelfth, fifteenth, and twentieth assignments of error, the appellant complains that the court erred in rendering judgment for the plaintiff, Bankers' Trust Company, because the bond sued on indemnifies the "owner" of the building, and that plaintiff was not an owner in contemplation of the bond, and because there is no evidence that plaintiff was guarantor of Darnell's performance of the contract, and therefore plaintiff had no legal right to bind the defendant by its voluntary act of completing the building. The trial court's second finding of fact is a complete answer to the contentions of appellant in these assignments, which we approve, as supported by the evidence. Without any evidence of insurable interest in plaintiff at the time the bond was executed, the meaning of the language used in the bond is to insure the parties therein named against the default of Darnell, and if by reason of the default the plaintiff was injured, it is entitled to recover to the extent of such loss.

[1] The fourth and fifth assignments, if considered together as grouped, are multifarious:

"The court erred in rendering judgment for the plaintiff, against this defendant, because there is no evidence in the record that Darnell was insolvent, or that the $5,400 advanced him by plaintiff could not, or cannot be, collected from him, and this defendant should not be required to reimburse plaintiff for an additional expenditure of $2,756.03 sued for in this suit, which plaintiff voluntarily elected to make in order to get the specific $5,400 placed in escrow by Levy; no evidence of the peculiar charm, value, or attractiveness of that particular $5,400 being given to this defendant.

"The court erred in rendering judgment for the plaintiff, against this defendant, because in voluntarily completing said building, and in voluntarily making the additional expenditure of $2,756.03, plaintiff acted wholly as a volunteer, being under no obligation so to do, being unrequested so to do, no right being given it by this defendant so to do in the bond sued on, or any other written contract to which this defendant was a party, and the record disclosing no evidence of insolvency on the part of Darnell that would render it necessary or advisable or expedient so to do in order to collect the $5,400 advanced Darnell by plaintiff."

[2] But, the fifth assignment being followed by the proposition that, there being no evidence that Darnell was insolvent, there can be no liability upon the part of defendant to reimburse plaintiff, it is considered by the observation. Judgment is against both the surety company and Darnell, with execution to issue first against Darnell, and with judgment for the defendant over and against him. So it matters not whether he is solvent or not.

[3] The seventh and eighth assignments are as follows:

"The court erred in allowing plaintiff to introduce, over the objection of this defendant, the oral testimony of W. S. Bailey, to the effect that plaintiff was not an owner of the house contracted to be built by Darnell, though so designated in the bond sued on, but that plaintiff merely advanced Darnell the money with which to build said house, and was to have the right to reimburse itself by means of the $5,400 placed in escrow by Levy, upon completion and acceptance of the house, etc., and that said facts were known to the agents of this defendant, as said testimony varied, contradicted, and amplified and enlarged the terms of the instrument sued on."

"The court erred in allowing plaintiff to introduce, over the objection of this defendant, the oral testimony of J. R. Darnell, to the effect that the plaintiff was not an owner of the house contracted to be built by Darnell, though so designated in the bond sued on, but that plaintiff merely advanced Darnell the money with which to build said house, and was to have the right to reimburse itself by means of the $5,400 placed in escrow by Levy, upon the completion and acceptance of the house, etc., and that said facts were known to the agents of this defendant, as said testimony varied, contradicted, amplified, and enlarged the terms of the written instrument sued on."

The evidence complained of was properly admitted, as it tended to establish the plaintiff's interest in the subject-matter of the indemnity bond. This observation disposes of the ninth assignment.

The thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth assignments are overruled because the evidence supports the finding of facts, upon these points, by the court, and the said assignments are to the effect that the court erred in his findings of fact and conclusions of law.

The assignments are therefore overruled, and the cause affirmed.