WOODARD v. ESKRIDGE et al.　(No. 8089.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 30, 1915. Rehearing Denied Feb. 27, 1915.)

1. APPEAL AND ERROR ☞739—ASSIGNMENTS OF ERROR—MULTIFARIOUSNESS.

An assignment that the court erred in refusing a special charge for a number of reasons raising various questions was multifarious, and could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. ☞739.]

2. JUSTICES OF THE PEACE ☞128—JUDGMENT —RESTRAINING ENFORCEMENT—FRAUD.

Where upon the continuance of a case pending in justice court the counsel for certain defendants declined to prosecute the defense further, at the same time, however, signifying his intention to appeal, if, as claimed, the justice and plaintiffs' counsel promised to notify him when judgment was rendered so that he could perfect his appeal, the fact that he also asked G., another attorney, to look after the matter for him and notify him when judgment was rendered did not relieve the justice or plaintiffs' counsel of their duty to notify him, nor prevent their failure to do so from constituting fraud which would support a suit to enjoin the collection of the judgment, especially where G. was told by plaintiffs' counsel, and so notified defendants' counsel, that the case had been dismissed as to such defendants.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. ☞128.]

3. APPEAL AND ERROR ☞1033—ERRORS FAVORABLE TO APPELLANT.

In a suit to enjoin the collection of a judgment rendered by a justice of the peace on the ground that plaintiff was prevented from appealing therefrom by the failure of the justice of the peace and the counsel for the adverse party

to notify his counsel when judgment was rendered as they had promised to do, in which defendants claimed and offered evidence to show that plaintiff's counsel did not rely on the justice or the opposing counsel furnishing such information, but relied on G., another attorney, and that G. was present when the judgment was rendered, an instruction to find for defendants if plaintiff's attorney asked G. to look after the case and to let him know when judgment was rendered, and if G. so acted for plaintiff's attorney and the attorney relied on G. to let him know when the judgment was rendered, and G. was present when the case was tried, was in favor of defendants and their objection thereto could not be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ⚖1033.]

4. TRIAL ⚖253 — JUDGMENT — RESTRAINING COLLECTION — INSTRUCTIONS IGNORING ISSUES.

In such action, an instruction to find for defendants if G. knew when the judgment was rendered, or by the exercise of ordinary care could have discovered that a judgment had been rendered in time to notify plaintiff's counsel in sufficient time to appeal, was properly refused, as it failed to submit the issue as to the reliance of plaintiff's counsel on the promise of the justice and the opposing counsel.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ⚖253.]

5. TRIAL ⚖284—INSTRUCTIONS—OBJECTIONS.

Where, in such action, the court instructed the jury to find for plaintiff if his attorney was misled by the justice and the opposing counsel into believing that he would be notified of the rendition of the judgment, and defendant objected to such instruction only on the ground that there was not sufficient evidence to justify it, an instruction, authorizing a verdict for defendant if plaintiff owed the debt for which he was sued in justice court, was properly refused, as defendant by failing to object approved the charge given so far as it assumed that plaintiff had shown that he did not owe such debt.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 683–685; Dec. Dig. ⚖284.]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by L. E. Eskridge and another against I. H. Woodard and others. Judgment for plaintiffs, and defendant Woodard appeals. Affirmed.

Walker & Baker, of Cleburne, for appellant. T. P. Whipple and J. T. Spencer, both of Waxahachie, for appellees.

BUCK, J. This suit was instituted in the county court of Johnson county to enjoin the collection of a judgment rendered by the justice court, precinct No. 5, Johnson county, Tex. The latter judgment was rendered June 13, 1912, the suit having been filed November 14, 1911, and styled I. H. Woodard v. J. F. Williams et al., the other defendants being A. W. Dowd, T. I. Steadman, L. E. and A. B. Eskridge. Woodard had rented a farm in Ellis county on a "third and fourth contract" from P. K. Thompson and had sublet it to Williams for the "third and fourth," and an additional consideration of a note executed by Williams to Woodard in

the sum of $165. It was alleged by Woodard in the justice court that the relation of landlord and tenant existed between him and Williams; that the note for $165 was for rent of the premises so sublet, and that Williams owed him a further sum of $60 claimed to be for advances, as evidenced by two notes given by Williams to Thompson for insurance policies, which notes had been purchased by Woodard in accordance with his contract with Thompson to indemnify the latter for any indebtedness due him by Woodard's tenants. It was further alleged that Dowd and Steadman and the two Eskridges had converted the crop raised on said premises in payment of debts claimed to be due them by Williams. Upon the trial, the cause was dismissed as to Dowd and Steadman, and judgment taken against Williams and the two Eskridges on the notes for $208.88, a credit having been allowed, before judgment in the justice court, for $50 paid by Williams. In the justice court, on December 14, 1911, the cause was set for trial, and the defendants Dowd and Steadman and the two Eskridges filed their plea of privilege to be sued in the county of their residence, Ellis county, which plea was overruled. The defendants then excepted to the jurisdiction of the court, and asked that the cause be transferred to justice precinct No. 5, Ellis county, where it was alleged all the defendants resided and where the rented premises were located. A distress warrant had theretofore been issued out of the justice court on the affidavit of Woodard and sent to the constable of precinct No. 5, Ellis county, for service, but no officer's return was made thereon, merely a statement, in a letter to the constable of the Grandview precinct No. 5, that Williams had gathered and sold his crops, and therefore nulla bona. Upon the overruling of defendants' plea of privilege and the motion to transfer, the court continued said cause to give plaintiff's counsel time to investigate as to whether he would seek to hold Dowd and Steadman. Defendants' counsel declined to prosecute the defense further in the Grandview justice court, and suggested that the plaintiff might take any judgment he pleased there, at the same time signifying his intention to appeal from such judgment so to be rendered. As to just what did occur between counsel for plaintiff and the justice of the peace on the one hand, and counsel for the defendants on the other, there seems to be considerable conflict. Appellee contends that the justice of the peace, S. N. Honea, and appellant's counsel, Tom S. Wade, promised and agreed to notify appellees' counsel, Tom Whipple, who resided at Waxahachie, when the judgment was rendered and for what amount, so that he could perfect the appeal to the county court, and that he relied thereon. Appellant denies any such promise or agreement, and further states that, even if they, or either of them,

did so promise appellees' counsel did not rely thereon, nor was he misled thereby, for the reason that before leaving Grandview that day he made arrangements with H. C. Gardner, an attorney at Grandview, to keep track of the suit and to notify him (Whipple) when the judgment was rendered so that he might perfect his appeal. Judgment was rendered some six months later, to wit, June 13, 1912, and execution was issued thereon to Johnson county September 9, 1912, and returned, nulla bona, on the 10th. On the 23d, an alias execution was issued to Ellis county. On October 12, 1912, the injunction proceeding, from the judgment in which this appeal is taken, was filed by the two Eskridges in the county court of Johnson county, and, upon a trial before a jury, judgment was rendered for appellees, canceling said justice court judgment as to the Eskridges, and perpetually enjoining Woodard, Justice Honea, and the sheriff of Ellis county from collecting the same. Woodard alone appeals.

Such additional pleadings and proceedings will be given in the course of this opinion as will be necessary to make clear the issues involved and raised by the assignments.

[1] In his first assignment, appellant complains that "the court erred in refusing to charge the jury to find for the defendants as requested by them in special charge No. 1, because," and then proceeds to raise under six subheads practically every issue of evidence involved in the case, and also the question of nonjoinder of parties. This assignment is subject to the objection of multifariousness urged by appellee, and cannot be considered by us. Morgan v. Lomas, 159 S. W. 869; Fidelity & Deposit Co. v. Bankers' Trust Co., 161 S. W. 45; Rushing et al. v. Bank, 162 S. W. 460.

[2] Appellant's second assignment is as follows:

"The verdict of the jury is contrary to and is not supported by the evidence. The uncontradicted evidence shows that T. P. Whipple, with the knowledge and consent of L. E. and A. B. Eskridge, agreed, in open court at Grandview, that judgment might be rendered in favor of the plaintiff in said case, and against L. E. and A. B. Eskridge, and that the said Whipple came to the conclusion, before he left Grandview on that day, that neither Honea nor Wade would let him know when judgment was rendered in the case, and that he did not rely on either of them letting him know when judgment was rendered, but that he did rely on H. C. Gardner, and the failure of Gardner to ascertain or to let Whipple know was in no wise attributable to the acts of these defendants, and judgment was rendered in open court and duly entered on the docket, and the failure of said Gardner to ascertain that judgment had been rendered, and to notify Whipple, constituted such negligence as precluded the plaintiffs in this case from relief."

Appellees object to the consideration of this assignment, because it fails to specify and point out the error relied on and is argumentative. We are inclined to the opinion that said objection is tenable; but, in the abundance of liberality, we have considered

the specification. The fact that counsel for appellant, fearful, as he states, that the justice of the peace and the counsel for plaintiff in the justice court would not comply with their alleged agreement and promise to notify him of the rendition of the judgment and the amount thereof, requested H. C. Gardner to look after the matter for him would amount only to an additional precaution, and would not relieve said court and counsel of their duty to so notify him; and their failure to do so would, in the event of injury resulting from a reliance thereon, constitute actionable fraud. Since Gardner testified that counsel for plaintiff notified him in July or August that he had dismissed the case as to Whipple's clients, and he relied thereon, and so notified Whipple, we cannot say as a matter of law that Whipple had not the right to rely on said alleged promise, reinforced, as claimed, by the further statement alleged to have been made by plaintiff's counsel to Gardner, as to the dismissal. Therefore this assignment is overruled.

The third assignment, "adopted as a proposition," complains of the first paragraph of the court's charge, which is as follows:

"You are instructed that if you believe from the evidence by a preponderance thereof that Squire Honea or T. S. Wade .agreed to let Tom Whipple, attorney for A. B. and L. E. Eskridge, know when judgment was rendered in the case pending in the justice court at Grandview, and that said Whipple relied upon Wade and Honea to notify him, and that Honea and Wade fraudulently failed to notify Whipple of the rendition of said judgment, then you are instructed to find in favor of the plaintiffs, unless you find for the defendants under subsequent paragraphs of the charge." "Because," as alleged by appellant, "it appears from the uncontradicted evidence that Whipple did not rely upon Wade or Honea notifying him when judgment was rendered in the case at Grandview, but concluded before he left Grandview on the day the alleged promise was made that neither Honea nor Wade would so notify him."

We believe the charge is not subject to the objection made, for reasons given in the discussion of the second assignment, especially in view of the second paragraph of the charge, which presents the contrary phase of the case as supported by appellant's pleadings and evidence, which paragraph reads as follows:

"On the other hand, you are charged that if you believe from the evidence that Honea and Wade did not agree to notify Whipple of the rendition of the judgment, or if Whipple did not rely on Honea and Wade to let him know of the rendition of the judgment, then, in either event, you will find for the defendants."

The third assignment is overruled.

[3] The fourth assignment complains of the third paragraph of the court's charge, which is as follows:

"You are further instructed that if you believe from the evidence that Tom Whipple, attorney for L. E. and A. B. Eskridge, with the knowledge, acquiescence, or consent of his clients, L. E. and A. B. Eskridge, or either of them, asked H. C. Gardner to look after the case pending in the justice court at Grandview, and to let him know when judgment was render-

ed therein, and that Gardner so acted for said Whipple, and the latter relied on Gardner to let him know when judgment was rendered in said case, and that Gardner was present when said case was tried, then you will find for the defendants."

Because, as alleged by appellant: (1) It appears from the uncontradicted testimony that Whipple, his clients assenting, did ask Gardner to look after the case and let him know when judgment was rendered, that Gardner did so act, and that Whipple relied on his so doing, and that the charge was erroneous because it submitted facts for the determination of the jury, about which there was no controversy; and (2) such charge required the jury to find that Gardner was present when the judgment was rendered in the justice court before they could find for the defendants. This charge was on appellant's contention, and raised by his pleadings and evidence. Both Honea and Wade, witnesses for appellant, testified that Gardner was present at the rendition of the judgment, and upon these witnesses the appellant relied to establish the fact of said Gardner's presence, and therefore the charge is manifestly in his favor, and the objection should be overruled on this ground, if upon no other. See Abilene L. & W. Co. v. Robinson, 146 S. W. 1052, and cases there cited.

[4] In his fifth assignment, appellant complains of the failure of the court to give his specially requested charge No. 3. This requested charge was almost verbatim the charge complained of in the fourth assignment, except it further instructed the jury to find for defendants "if Gardner knew when the judgment was rendered, or by the exercise of ordinary care could have discovered that a judgment had been rendered in time to have notified Tom Whipple in sufficient time to prosecute an appeal," etc. We do not think that the charge so requested presents the law, because it fails to submit the question of Whipple's reliance vel non upon the alleged promise by Wade and Honea. For reasons given heretofore, we believe that was properly an issue. Although Gardner in the exercise of ordinary care could have known of the rendition of said judgment, and although Whipple relied on him, in part, to so inform him thereof, yet if Whipple also relied on the promise alleged to have been made by Wade and Honea, in part, the partial reliance on Gardner would not have precluded the reliance on said alleged agreement. In reason and justice he might be permitted to have "two strings to his bow." Furthermore, to have submitted this requested charge would have given an undue emphasis to that part of the instruction already given in the main charge, complained of in the fourth assignment. The fifth assignment is overruled.

The sixth assignment is likewise overruled, because we believe that the matter set forth in said tendered charge was sufficiently covered in the charge of the court as given.

[5] In his seventh assignment, error is alleged for the failure of the trial court to submit special charge No. 6, which, in substance, charged the jury that although they might find for plaintiffs as to the issue of fraud, yet they should find for the defendants if the jury believed that L. E. Eskridge had told Woodard, in the fall of 1911, that the crop of Williams was sufficient to pay his mortgage and Woodard's debt, and for Woodard to go back home, and he (Eskridge) would attend to the collection of the proceeds of the crop, and pay Woodard's debt out of the proceeds, and if the jury further found that there were sufficient proceeds to pay Eskridge's debt covered by the mortgage and Woodard's debt against Williams. Appellees contend that such a promise, if made, which they deny, would be unenforceable, as being in contravention of the statute of frauds, being a promise to answer for the debt, default, or miscarriage of another, and not in writing. But without passing upon this question, we do believe said charge as submitted was correctly refused. The judgment in the justice court, and the citation issued therefrom, fails to show that plaintiff therein was relying for his cause of action upon any such alleged promise on the part of Eskridge, or claimed that Eskridge had acted as his agent in the collection of the amount from Williams, and as such had converted the same. So far as said judgment shows, the judgment was based upon the three notes aforesaid, and the citation merely alleges a conversion by the two Eskridges, Dowd, and Steadman of the cotton raised on said land and the money received from the sale of said cotton. Therefore, in the opinion of the writer, said tendered charge was not based upon any issues involved in the case, and was correctly refused. But it is held by the majority of the court that the refusal to give said requested charge was not error, for the reason that in the first paragraph of the court's charge, plaintiff was allowed to recover upon the single proposition that his attorney, Whipple, had been misled by Wade and Honea to believe that he would be notified of the rendition of any judgment against Eskridge. If plaintiff in this case had the burden of showing that he did not owe the debt alleged in the justice court, then the charge mentioned above peremptorily assumed that that burden had been discharged. The only objection made by appellant in the trial court to that instruction was that the affirmative of the issue there presented had not been sustained by sufficient evidence, thus approving the charge so far as it assumed that plaintiff had shown that he did not owe the debt asserted in the justice court. With this approval of the instruction in that respect, appellant is in no position to complain of the refusal of the in-

struction now under consideration. Cleburne St. Ry. Co. v. Barnes, 168 S. W. 991. The seventh assignment is overruled.

Without further extending this opinion, which is perhaps too long already, it is sufficient to say that we do not find any error as claimed in appellant's eighth, ninth, and tenth assignments, and they are consequently overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes