**LUSE et al. v. CURRY. (No. 1606.)**

(Court of Civil Appeals of Texas. El Paso. March 27, 1924. Rehearing Denied April 24, 1924.)

1. **Appeal and error ⬥919—Motion presumed to be filed, where record shows action thereon.**

Error could not be predicated on trial court's action in striking out plea of privilege, though record did not show that motion to strike was filed; it being presumed, where record shows action on motion that it was filed.

2. **Records ⬥7—Rule as to when paper filed stated.**

A paper is filed when placed in custody of clerk.

3. **Pleading ⬥355—Plea of privilege properly stricken, where not verified as required by statute.**

Where a plea of privilege was not signed by the notary making the verification, as required by Vernon's Ann. Civ. St. Supp. 1918, art. 1903, court did not err in sustaining motion to strike it out.

4. **Judgment ⬥106(9)—By default proper when no answer to merits is filed.**

A judgment by default is proper, where no answer to the merits is filed after striking out plea of privilege.

Error from Eastland County Court at Law; J. H. Jones, Judge.

Action by S. C. Curry against A. F. Luse and another, in which named defendant for himself and as trustee for other defendant filed a plea of privilege. From a judgment overruling the plea of privilege, defendants bring error. Affirmed.

Alexander & Baldwin, of Fort Worth, for plaintiffs in error.

Smith & Birge, of Desdemona, for defendant in error.

HARPER, C. J. Defendant in error, S. C. Curry, filed this suit in the county court at law of Eastland county, Tex., September 30, 1922, against A. F. Luse, who was alleged to reside in Tarrant county, Tex., and the Southern States Leasing & Production Syndicate, alleging it to be an unincorporated association, with its main office and principal place of business in Tarrant county, Tex., and that A. F. Luse owned stock therein, and sought to recover a balance of $400 claimed to be due for labor performed in Eastland county, which he alleged was to be paid to him at Desdemona, Tex., but did not allege any contract in writing.

Citation issued to Tarrant county, returnable second Monday in November, 1922, for both defendants, and sheriff's return thereon shows service on A. F. Luse individually and as president of Southern States Leasing & Production Syndicate on October 6, 1922.

Plaintiff in error, A. F. Luse, for himself and as sole trustee for Southern States Lease & Production Company, filed plea of privilege to be sued in Tarrant county, Tex., on October 23, 1922, which plea complied with all statutory requirements, and showed the correct name of the association to be Southern States Lease & Production Company, of which he was sole trustee. This plea was signed by A. F. Luse, individually and as trustee, at the end of the plea, and was again signed by Luse at the end of the jurat, but by some oversight the notary failed to sign same. This pleading was filed in this cause by the county clerk of Eastland county on October 23, 1922.

On November 14, 1922, without any controverting pleading having been filed, and without any notice to plaintiffs in error or their attorneys, the court entered a judgment on what is stated to be a motion to strike out plea of privilege; the judgment reciting, "it is therefore ordered and decreed by the court that the said plea of privilege be and the same is hereby declared to be wholly inoperative and invalid, and it is ordered that this case proceed as though said plea had never been filed." On the same day a default judgment was entered against A. F. Luse and the Southern States Leasing & Production Syndicate for $400. The motion to strike out the plea of privilege does not appear, from the record herein, to have been filed in this cause.

Brought here by writ of error for review. There is no statement of facts nor findings by the trial court.

[1] It is urged that it was error for the court to consider the motion to strike out plea of privilege, because the record does

not show that such a motion was filed. Where the record shows action on a paper as in this case, it will be presumed to have been filed. Knight v. Holloman, 6 Tex. 153.

[2] A paper is filed when placed in the custody of the clerk. Beal v. Alexander, 6 Tex. 531.

[3] It was not error to sustain the motion to strike out plea of privilege, because it was not verified as required by article 1903, Vernon's Ann. Civ. St. Supp. 1918.

[4] As to the proposition that the court erred in hearing the case on its merits, after striking out the plea of privilege, there was no other course to pursue, for the reason that the case then stood as if no plea had been filed; and, no answer to the merits having been filed, judgment by default was proper. West M. Ins. Co. v. Childress (Tex. Civ. App.) 238 S. W. 348.

Affirmed.