## HAMVASY v. ALEXANDER FILM CO.

### No. 3984.

Court of Civil Appeals of Texas. Texarkana.

March 11, 1931.

Rehearing Denied March 19, 1931.

Reagan S. Wyche, of Longview, and James D. Buster, of Sherman, for appellant.

C. Huggins, of Sherman, for appellee.

SELLERS, J.

This is an appeal from an order of the district court of Grayson county, Tex., denying appellant's application for a writ of injunction restraining a judgment in the justice court of precinct No. 1 of Grayson county.

The suit was instituted in the justice court by Alexander Film Company as plaintiff upon a written contract and a verified account. Citation was duly issued and served upon E. P. Hamvasy, defendant, who resided in Gregg county, Tex. E. P. Hamvasy filed in the justice court of precinct No. 1 of Grayson county his plea of privilege, and it is the sufficiency of this plea which determines whether the appellant was entitled. to the relief sought in his application for the writ of injunction.

■■ It appears from the statement of facts that the plea of privilege as filed by the defendant in the justice court did not allege in which justice's precinct in Gregg county, Tex., the defendant resided. It is our opinion that such a plea does not meet the requirements of the statutes. Patterson Produce Company v. Tombs (Tex. Civ. App.) 14 S.W.(2d) 959. And the court was authorized to overrule same without giving defendant any notice of a contest to said plea. Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144.

■ But it appears in this case that the court went a great deal further than he was required to do under the law, and had citation served upon the defendant, citing him that the plea of privilege had been controverted on the ground that it was insufficient in law and did not meet the requirements of the statutes; that this citation was duly served upon the defendant, citing him to appear on the 17th day of January, 1930, and on said date, the defendant failing to appear, upon a motion by the plaintiff, the court overruled the plea of privilege and entered a judgment by default for plaintiff for the amount sued for in the justice court. Thereafter on January 22d, the defendant appeared in justice court through his attorney and gave notice of appeal to the county court of Grayson county, and ordered the justice of the peace to send up the transcript in the justice court to the county court. In compliance with this request, the justice of the peace made up the transcript and same was filed with the county clerk of Grayson county, and at a regular term of the county court both parties appeared and announced ready for trial; whereupon the plaintiff moved the court to dismiss the appeal, for the reason that no appeal bond had been filed. The court sustained the motion and dismissed the appeal.

Under this state of facts it is our opinion that it was conclusively shown that the judgment of the justice court is as legal as if no plea of privilege had ever been filed, and that there was no error by the district court in refusing the relief sought by appellant.

The judgment is affirmed.