## PEVEHOUSE et al. v. MORTON et al.

### No. 1459.

Court of Civil Appeals of Texas. Waco.
Sept. 28, 1933.

Rehearing Denied Nov. 2, 1933.

O. H. Woodrow, of Sherman, and Richard & A. P. Mays, of Corsicana, for appellants.

J. S. Simkins, of Corsicana, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the district court of Navarro county overruling a motion to dissolve a temporary injunction theretofore granted in this cause. Hill Printing & Stationery Company, Inc., hereinafter called plaintiff, instituted suit in the justice court, precinct No. 1, Grayson county, against L. M. Morton and J. B. Robinson, trading as Morton-Robinson Company, hereinafter called defendants, to recover an indebtedness of $110.90, with legal interest thereon from December 1, 1931, and the further sum of $24.13 attorney's fees. Citation thereon, returnable May 30, 1932, was duly issued and was served on both defendants on April 28, 1932. Defendants, on May 23, 1932, filed in said cause their plea of privilege, the averments of which will hereinafter be recited and discussed. Plaintiff appeared in said justice court when the same convened on the 30th day of May, 1932, and excepted to defendants' plea of privilege on the ground that the same was insufficient, in that it did not state in what justice precinct of Navarro county defendants resided, and that the court was without judicial knowledge as to what justice court in said county had jurisdiction over the person of the defendants. The court sustained said exception. Plaintiff thereup-

on voluntarily reduced its demand to the sum of $114.22, and, its account being itemized and verified, the court rendered judgment by default thereon against defendants for said sum. Plaintiff thereafter caused an execution to issue on said judgment, and placed the same in the hands of Rufus Pevehouse, sheriff of Navarro county, who, on the 20th day of June, 1932, presented same to defendants for payment and threatened, in default of such payment, to levy the same upon their property.

Defendants, on July 2, 1932, filed this suit in the district court of Navarro county against said sheriff, in which they attacked the validity of said justice of the peace judgment on the ground that the effect of filing their said plea of privilege was to deprive said justice court of further jurisdiction over their persons as to such purported cause of action. They prayed for a temporary injunction restraining the sheriff from levying said execution, and that on final hearing said justice of the peace judgment be declared null and void and said injunction perpetuated. A temporary injunction was granted upon said petition and served upon said sheriff. Plaintiff, as the judgment creditor in such execution, thereafter intervened in the cause.

Plaintiff, joined by said sheriff, filed in this cause their motion to dissolve the temporary injunction theretofore granted herein as above recited. The first ground upon which such dissolution was sought was that it affirmatively appeared from the record before the court that defendants were advised of the rendition of said judgment by the justice court, precinct No. 1, Grayson county, on the 20th day of June, 1932, and had thereafter ample time to apply to the county court of Grayson county for writ of certiorari to review the same, and, having failed to avail themselves of such remedy, were not entitled to a writ of injunction to restrain the enforcement of the same. The second ground upon which such dissolution was sought was that defendants' plea of privilege in the justice court of Grayson county, copy of which was attached to and made a part of defendants' petition for injunction, showed that such plea was fatally defective, in that it contained no allegation showing in what justice precinct of Navarro county defendants resided, and was therefore ineffective to deprive the court of jurisdiction to render judgment against defendants in said cause. There was a hearing on said motion to dissolve, and on the 25th day of March, 1933, the court overruled the same and ordered such injunction continued until final trial of the cause upon its merits. The plaintiff and said sheriff have joined in this appeal.

## Opinion.

■■ The assignments of error herein present the same contentions urged in the mo-

tion to dissolve the injunction. We will first consider the contention that defendants' plea of privilege was legally insufficient and ineffective to deprive the justice court of precinct No. 1, Grayson county, of jurisdiction over their persons and of power to render judgment against them on the cause of action sued on in that court. The authorities are in substantial accord in holding that a plea of privilege in a justice court must not only allege in what county the defendant resides, but also in what justice precinct thereof he has his residence. Hamvasy v. Alexander Film Co. (Tex. Civ. App.) 36 S.W.(2d) 571, par. 1; Patterson Produce Co. v. Tombs (Tex. Civ. App.) 14 S.W.(2d) 959, par. 3; Hume v. Devenport (Tex. Civ. App.) 52 S.W. (2d) 539, par. 4; Leventhal v. Hollamon (Tex. Civ. App.) 165 S. W. 6, par. 3. See, also, 26 Tex. Jur. p. 847, § 47. The defendants, in their plea of privilege, alleged that they and each of them resided in Navarro county, but they did not allege therein in what particular justice precinct thereof they or either of them resided. Such plea was therefore insufficient and ineffective to require the transfer of the cause from the court in which it was pending, or to deprive such court of the power and authority to proceed to hear and determine the same. Defendants contend that the particular justice precinct of Navarro county in which they resided could and should have been inferred by the justice of the peace from the fact that they incorporated in said plea of privilege the following allegation: "That there are now two justice courts existing and operating in precinct No. 1 of Navarro county, Texas, being places 1 and 2, either of which is qualified under the law to try said cause." The Constitution of this state provides, in substance, that each county shall be divided into not less than four, nor more than eight, precincts; that a justice of the peace shall be elected in each of such precincts; that, if any such precinct shall contain a city of 8,000 or more inhabitants, two justices of the peace shall be elected therein, and that justices of the peace shall have jurisdiction in civil matters in all cases where the amount in controversy is $200 or less. Constitution, art. 5, §§ 18 and 19. The cause of action asserted by plaintiff in said suit against defendants being for the recovery of a sum of money less than $200, the allegation under consideration was in effect, as it related to said case, a mere statement that the same was within the potential jurisdiction and authority conferred on the courts mentioned therein by the constitutional provisions above recited. In that sense, such allegation could have properly embraced the justice courts of any or all the other justice precincts of said county. Defendants contend, however, in this connection that said allegation should be construed to mean that the justice courts named therein had ju-

risdiction, in a venue sense, of said cause of action. Since the venue thereof was controlled by the residence of one or both the defendants therein, and since said allegation contained no statement showing, or tending to show, that defendants or either of them resided in said precinct of Navarro county, said allegation did not constitute a statement of concrete fact or facts supporting the claim of venue, but was in legal effect a mere conclusion of the pleader. Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561, pars. 2 and 4 (writ refused); Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086, par. 2; Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684, par. 1; Doherty v. City of Galveston, 19 Tex. Civ. App. 708, 48 S. W. 804, par. 4; Shook v. Shook (Tex. Civ. App.) 145 S. W. 699, par. 8 (writ refused); McCauley v. Northern Texas Traction Co. (Tex. Civ. App.) 21 S.W.(2d) 309, par. 4; Bull v. Collins (Tex. Civ. App.) 54 S.W.(2d) 870, par. 2; Anderson, Clayton & Co. v. Terry (Tex. Civ. App.) 167 S. W. 1, par 2; Eastland County v. Eberhart (Tex. Civ. App.) 272 S. W. 575, par. 7; O'Quinn v. O'Quinn (Tex. Civ. App.) 57 S.W.(2d) 397, par. 4.

■ Defendants contend that the defect in their plea of privilege was cured by the fact that the citation issued in said cause commanded the officer executing the same to summon "L. M. Morton and J. B. Robinson, trading as Morton-Robinson Company, 125 West Collin Street, Corsicana, Texas," and by the further fact that the return showing service thereof upon them was signed by the constable of precinct No. 1 of Navarro county. Incidentally, said return was also signed by the sheriff of said county. Such dual signing is not explained. A patent omission in a plea of privilege cannot be supplied by a recital in the body of the citation issued and served in the cause. The issuance of the citation in this case was the act of the justice of the peace, and the plaintiff is not necessarily bound by statements contained therein. St. Louis, B. & M. Ry. Co. v. Evans (Tex. Civ. App.) 297 S. W. 532, par. 6; Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139, par. 1. The recital in the citation in this case does not necessarily imply that the defendants resided in Corsicana merely because they conducted a business therein. The justice of the peace could take judicial notice of the fact that the city of Corsicana was the county seat of said county (Hambel v. Davis, 89 Tex. 256, 258, 34 S. W. 439, 59 Am. St. Rep. 46), but could not know judicially that it was located in precinct No. 1 thereof. Since every duly qualified constable has authority in law to serve process anywhere in his county, the fact that the name of the constable of precinct No. 1 was signed to the return on said citation was insufficient to show that the defendants therein resided in such justice precinct. None of the matters so urged by defendants cured the defect in their plea of privilege.

■ An exception to an insufficient plea of privilege may be filed in the cause and sustained by the court without notice to the defendant or defendants therein. A controverting affidavit and notice thereof are required only when plaintiff seeks to defeat a proper plea of privilege on affirmative averments of fact. Hamvasy v. Alexander Film Co. (Tex. Civ. App.) supra, page 571 of 36 S. W.(2d), par. 2; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144, par. 2; Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, pars. 1 and 2; Luse v. Curry (Tex. Civ. App.) 261 S. W. 195, par. 4. Our holdings on the issues of law above discussed render it unnecessary to pass upon the other contention urged by defendants as ground for dissolution. The temporary injunction is dissolved.