**PANTHER OIL & GREASE MFG. CO. v. CREWS et al.**

No. 4975.

Court of Civil Appeals of Texas. Amarillo.

Jan. 16, 1939.

Rehearing Denied Feb. 6, 1939.

Bradley & Wilson, of Lubbock, for appellant.

Max Coleman, of Lubbock, for appellees.

FOLLEY, Justice.

This suit was filed in the County Court of Lubbock County, Texas, by the appellee, H. W. Crews, against the appellant, Panther Oil & Grease Manufacturing Company, and Tom Abel, Sheriff of Lubbock County, to enjoin an execution issued out of the Justice Court of Precinct No. 1 of Tarrant County, Texas, on a judgment rendered therein on September 23, 1937 in cause No. 59605 on the docket of such court wherein the appellant recovered judgment against H. W. Crews for $59.57 and costs, and to set aside such judgment, alleging the same to be void. A temporary injunction was issued as prayed for, but upon final hearing the same was dissolved. In such hearing, however, the trial court decreed that the justice court judgment was void as against the appellee Crews in Lubbock County.

The Tarrant County suit was the outgrowth of the sale of a quantity of paint by the appellant to Crews which was alleged by the latter to be of an inferior grade and worthless. Such suit was filed on August 20, 1937, and the appellee Crews was duly served with citation. On September 9, 1937, the appellee, through his attorney Max Coleman of Lubbock, filed a plea of privilege which he alleges sought to transfer the cause to Lubbock County, the county of his residence. The contents of such plea of privilege are undisclosed by the record. On September 10, 1937, a controverting affidavit was filed by the appellant the contents of which are also unrevealed by the record. On September 23, 1937, a hearing was had in such justice court upon the plea of privilege and the controverting affidavit, whereupon the justice of the peace overruled the plea of privilege. The judgment in this connection was introduced in evidence and recited that "The plaintiff appeared by attorney and the defendant, though duly cited, failed to appear. The Court after having heard the evidence and argument of counsel, is of the opinion that the law is with the plaintiff and against the defendant." Such judgment concluded by an order overruling the plea

438

of privilege and ordering the suit tried upon its merits. Whether the above quoted portion of the judgment relative to the service upon the appellee herein meant that he was cited to appear upon a hearing of the plea of privilege and controverting affidavit or merely referred to his being duly cited upon the merits of the case, is also undisclosed by the record. However, on the same day that the plea of privilege was overruled the judgment was rendered in the justice court which formed the basis of the attack in the court below. There was no appeal or certiorari from this judgment.

The appellant attacks the jurisdiction of the County Court of Lubbock County in rendering the judgment herein declaring the Tarrant County judgment void. The appellant bases such assignment upon two theories, first, that the amount in controversy is below the jurisdiction of the County Court, and secondly, the Tarrant County judgment not being void on its face, that the same could not be collaterally attacked in the County Court of Lubbock County.

■ The first contention of the appellant must be overruled by reason of the fact that the County Court of Lubbock County is one of the county courts of Texas upon which the Legislature has conferred original concurrent jurisdiction with the justice courts in civil matters. Further, in this connection, article 2249, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 2249, permits an appeal to this court from the county court although the amount in controversy is less than $100, since the county court had original jurisdiction of the controversy and the suit herein originated in the county court. Stavely v. Stavely, Tex.Civ.App., 94 S.W.2d 545; Campsey v. Brumley, Tex.Com.App. 55 S. W.2d 810; Section 22, Article 5, Constitution of Texas, Vernon's Ann.St.

■ The second theory of the appellant presents a more difficult situation. We think it well settled the judgment in question cannot be successfully attacked in the county court by this collateral proceeding unless such judgment is void. The burden was thus placed upon the appellee to show the invalidity of the judgment. The whole assault upon the judgment in the trial court by the appellee was predicated chiefly on the theory that the same was void and obtained by fraud by reason of the failure of the justice of the peace to inform the appellee or his attorney of the action of such justice of the peace in overruling the plea of privilege, yet the only basis for such contention was the fact that appellee's attorney requested such justice of the peace, by letter accompanying the plea of privilege, to notify him if the plea was overruled. There was no promise on the part of the justice of the peace to do so and we know of no rule of law that would charge him with such duty in the absence of such a promise. Woodard v. Eskridge et al., Tex. Civ.App., 174 S.W. 868. The failure of the justice of the peace to notify the appellee or his attorney of his action on the plea of privilege would certainly not constitute fraud under the facts and circumstances of this case.

The appellee also contends that the judgment in question is void by reason of the fact that the justice of the peace ignored the plea of privilege filed by him in said cause. While it is true under article 2007, R.C.S. of Texas, that the filing of a plea of privilege in conformity to such statute is prima facie proof of the defendant's right to a change of venue, however, such plea may be controverted in accordance with the succeeding article, whereupon the issue becomes joined. The appellee testified that no notice of the filing of a controverting affidavit or of a hearing thereon was served upon him, yet the article dealing with the matter provides that such notice may be served upon either the defendant or his attorney. The attorney for the appellee testified that he prepared the plea of privilege for the appellee and wrote the justice of the peace asking to be notified if such plea was overruled. Although he stated that he received no notice that the plea had been overruled, he did not purport to testify that he was not served with a copy of the controverting affidavit of the appellant with notice of hearing thereon as required by article 2008, R.C.S. of Texas. The record is equally deficient in showing that the hearing on the plea was not had by agreement as permitted by the article.

■ On the other hand it is not shown that sufficient notice was given the appellee or his attorney to restore the jurisdiction purportedly lost by the justice court upon the filing of the plea of privilege. In this connection we think the authorities are uniform in holding that a copy of the controverting plea and the no-

tation of the judge thereon, unless waived in some manner, must be personally served upon the defendant or his attorney within the time and manner stated in the statute; that such notice is jurisdictional and mandatory; and any action of the court upon the plea other than to transfer the cause, in the absence of such notice, unless in some manner waived, amounts to fundamental error. Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, writ refused; Craig et al. v. Pittman & Harrison Co., Tex.Com.App., 250 S.W. 667; John E. Quarles Co. v. Lee et al., Tex.Com.App., 58 S.W.2d 77; Galbraith v. Bishop, Tex.Com.App., 287 S.W. 1087; Cochran v. Crow et al., Tex.Civ.App., 4 S.W.2d 1038; Bogle v. Landa et al., 127 Tex. 317, 94 S.W.2d 154. However, as above stated, the burden was upon the appellee to establish such a defect in the hearing on the plea of privilege as to render the judgment in question void by reason of such defect. This burden, under the record as presented, the appellee failed to discharge.

We think there is a more cogent reason, however, for the conclusion that the appellee failed to show the Tarrant County judgment void. As has been stated the contents of the purported plea of privilege were not presented in the trial of this case. Just how the trial court determined that the plea of privilege "was improperly ignored and overruled by the Justice Court of Tarrant County, Texas", as found in the judgment herein, when such plea was not before him, becomes a matter of mere conjecture. The only reference in the whole record as to the form and contents of such plea is found in appellee's petition wherein he alleged he filed a "plea of privilege in accordance with Article 2007 of Vernon's Revised Civil Statutes of Texas", which recitation amounts to no more than a conclusion of the pleader. It is only upon the filing of a sufficient plea of privilege that the court loses jurisdiction of the suit on its merits until such plea is properly controverted. In the case of Pevehouse et al. v. Morton et al., Tex.Civ.App., 63 S.W.2d 904, 906, Judge Gallagher, speaking for the court upon this subject, said: "An exception to an insufficient plea of privilege may be filed in the cause and sustained by the court without notice to the defendant or defendants therein. A controverting affidavit and notice thereof are required only when plaintiff seeks to defeat a proper plea of privilege on affirmative averments of fact. Hamvasy v. Alexander Film Co. (Tex.Civ.App.) supra, page 571 of 36 S.W.2d, par. 2; Humble Pipe Line Co. v. Kincaid (Tex.Civ.App.) 19 S.W.2d 144, par. 2; Yates v. State (Tex.Civ.App.) 3 S.W.2d 114, pars. 1 and 2; Luse v. Curry (Tex.Civ.App.) 261 S.W. 195, par. 4." The record fails to show the theory upon which the justice of the peace overruled the plea of privilege in the Tarrant County suit. It is therefore possible that upon adequate grounds he considered such plea insufficient in form and substance to demand a controverting affidavit and notice thereof to the appellee. In such instance the justice court would not have lost its jurisdiction. Therefore, in view of the record as presented it is our opinion that the appellee failed to discharge the burden placed upon him to show that the judgment in question was invalid, and the collateral attack thus made must necessarily fall.

The judgment of the trial court is reversed and the cause remanded.

### On Motion for Rehearing.

In a motion for rehearing the appellant asserts that we erred in only remanding this cause to the trial court and insists that we render final judgment in its favor. From what we have said in our original opinion it is apparent that this case was not fully developed in the trial court, and further, it is such a case that justice will probably be better subserved if we merely remand the cause rather than render judgment for the appellant. Under the authority of Kennedy et al. v. American Nat. Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 112 A.L.R. 916, and the authorities therein cited, we think appellant's motion should be overruled.

Motion overruled.