## STAVELY v. STAVELY.

### No. 1550.

Court of Civil Appeals of Texas. Eastland.

May 1, 1936.

Rehearing Denied May 29, 1936.

C. F. Sentell, of Snyder, for appellant.

Harris & Sentell, of Snyder, for appellee.

FUNDERBURK, Justice.

This is an appeal from a judgment for $140.61 awarded by the county court of Scurry county to John Stavely, plaintiff, against B. O. Stavely, defendant. The cause of action was a promissory note dated May 1, 1931, in the principal sum of $189.46, due October 1, 1931, with 10 per cent. interest and 10 per cent. attorney's fees, upon which note credits were acknowledged, in the pleadings, reducing the amount to $87.08 on the principal, $40.75 interest, with $12.78 attorney's fees.

Appellant presents a single assignment of error, counter to which appellee contends that this court is without jurisdiction to determine the merits of the appeal. The judgment appealed from, as well as the amount in controversy in the suit, exclusive of interest and costs, is less than $100. The case appears to have originated in the county court.

We shall assume that under some special act of the Legislature the county court of Scurry county has been given jurisdiction of civil cases concurrent with the justice of the peace courts of said county. The power of the Legislature to

546

do this has been sustained under the authority of the Constitution (article 5, § 22). Gulf, W. T. & P. R. Co. v. Fromme, 98 Tex. 459, 84 S.W. 1054.

The jurisdictional question presented involves the interpretation of R.S.1925, art. 1819, as amended by Acts 1929, c. 33, § 1 (Vernon's Ann.Civ.St. art. 1819), and article 2249, as amended by Acts 1927, c. 52, § 1 (Vernon's Ann.Civ.St. art. 2249). The amended provisions of the statutes read as follows:

Article 1819: "The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars exclusive of interest and costs."

Article 2249: "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

Said article 1819 seems to have first appeared in R.S.1895 and has, in slightly different form, appeared in all subsequent revisions of the statutes. Said article 2249 appeared in R.S.1879 and with slight variations in all subsequent revisions of the statutes. Revised Statutes 1925, art. 1819, was R.S.1911, art. 1589, and R. S.1895, art. 996[1]; Revised Statutes 1925, art. 2249, was R.S.1911, art. 2078, R.S. 1895, art. 1383, and R.S.1879, arts. 1380, 1381, and 1382.[2]

The history of these two statutes as trac-

---

[1] R.S.1925, art. 1819, appeared in the various revisions as follows:

R.S.1895, art. 996: "The appellate jurisdiction of the courts of civil appeals shall extend to civil cases within the limits of their respective districts—

"1. Of which the district courts have original or appellate jurisdiction.

"2. Of which the county court has original jurisdiction.

"3. Of which the county court has appellate jurisdiction when the judgment or amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs."

R.S.1911, art. 1589: "The appellate jurisdiction of the courts of civil appeals shall extend to civil cases within the limits of their respective districts:

"1. Of which the district courts have original or appellate jurisdiction.

"2. Of which the county court has original jurisdiction.

"3. Of which the county court has appellate jurisdiction, when the judgment, or amount in controversy, or the judgment rendered, shall exceed one hundred dollars, exclusive of interest and costs."

R.S.1925, art. 1819: "The appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases within the limits of their respective districts:

"1. Of which the district courts have original or appellate jurisdiction.

"2. Of which the county court has original jurisdiction, or of which the county court has appellate jurisdiction when the amount in controversy or the judgment rendered shall exceed one hun-
dred dollars, exclusive of interest and costs."

1929 amendment R.S.1925, art. 1819 (Vernon's Ann.Civ.St. art. 1819): "The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars exclusive of interest and costs."

[2] R.S.1925, art. 2249, appeared in the various revisions as follows:

R.S.1879, art. 1380: "An appeal or writ of error may be taken to the supreme court from every final judgment of the district court in civil cases."

Art. 1381: "An appeal or writ of error may be taken to the court of appeals from every final judgment of the county court rendered in civil causes of which the county court has original jurisdiction."

Art. 1382: "An appeal or writ of error may also be taken to the court of appeals from any final judgment of the county court rendered on appeal or certiorari in civil cases taken from the justices' courts, where the judgment or the amount in controversy exceeds one hundred dollars."

R.S.1895, art. 1383: "An appeal or writ of error may be taken to the courts of civil appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which

ed through said several revisions shows that they have always been of identical effect and have conformed one to the other, unless a divergence of one from the other, or an implied repeal of one by the other has been accomplished by the 1929 amendment of R.S.1925, art. 1819. From the same history there has been manifest an effort and purpose of the Legislature from time to time to abbreviate the phraseology of the provisions without change in meaning. For instance, note how it was deemed nonessential in later revisions to refer to the jurisdiction of the district court as original and appellate, when the purpose and effect of the statute was to give Courts of Civil Appeals jurisdiction of all district court cases whether the latter's jurisdiction was original or appellate. It is also noteworthy that the same abbreviation could not be made in reference to cases appealed from county courts because of the purpose to make a distinction between cases of which the county court had original jurisdiction and those of which it had appellate jurisdiction by limiting jurisdiction of the latter to those in which the amount in controversy or judgment rendered was in excess of $100.

The 1929 amendment of R.S.1925, art. 1819, standing alone, would seem to have made most important changes in the law. It would appear to have abolished all distinctions between cases of which a district court or a county court has original jurisdiction and those of which they have appellate jurisdiction. The former limitation of the jurisdiction of Courts of Civil Appeals which excluded that of cases of which county courts had only appellate jurisdiction and the amount in controversy or the judgment rendered, exclusive of interest and costs, did not amount to more than $100, would appear to have been extended so as to deny jurisdiction of any such cases from the district or county courts and whether the jurisdiction of such trial courts was original or appellate. Such a construction of the amended provision would be contrary to the plainly expressed provision of the 1927 amendment of R.S.1925, art. 2249. The question therefore which we are called upon to determine is whether or not the 1929 amendment of article 1819 works an implied repeal of the 1927 amendment of said article 2249.

Consideration of this question must be approached in the light of the elementary rule of statutory construction to the effect that repeals by implication are not favored. 39 Tex.Jur. 140, § 75. In the wording of the amendment of said article 1819, it seems to us fairly certain that the aforesaid policy of the Legislature to abbreviate the phraseology of this

---

the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs," etc.

R.S.1911, art. 2078: "An appeal or writ of error may be taken to the court of civil appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs."

R.S.1925, art. 2249: "An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final

judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs. An appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

1927 amendment R.S.1925, art. 2249 (Vernon's Ann.Civ.St. art. 2249): "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

and the other article has led to a very natural error. It was a not unnatural assumption that a limitation upon jurisdiction so as to exclude all cases, whether from district or county courts wherein the amount in controversy or the amount of judgment rendered was not in excess of $100, would in practical effect only apply to cases of which the county court had appellate jurisdiction. That assumption would have been entirely correct except for the constitutional provision above mentioned, and the construction thereof given it by the courts holding the Legislature empowered to confer original concurrent jurisdiction upon a county court of cases within the regular jurisdiction of justices' courts. It seems to us that if the Legislature had intended to change so radically a policy traceable through all revisions of our statutes since 1879, it certainly would have made such intent plainer than appears in this amendment. We think the failure to plainly evidence such intent in the terms of the 1929 amendment of article 1819, when considered with the plainly expressed contrary intent in the 1927 amendment of article 2249, compels the conclusion that the two statutory provisions should be so construed as to give effect to both, and the $100 limitation in the former should be construed to apply only to cases of which the county court (or district court?) has appellate jurisdiction. In other words, we cannot say that the latest amendment of article 1819 by necessary implication repeals the latest amendment of article 2249.

Upon the merits of the appeal, appellant's single assignment of error challenges the action of the trial court in sustaining exceptions to his answer. By the pleadings to which the exceptions were sustained, a special defense was sought to be asserted to the effect that contemporaneously with the execution of the note sued on there was an oral agreement between the maker and payee of the note that the obligation evidenced by said note should be performed only by crediting thereon the proceeds of certain services for hauling which it was agreed that the maker of the note should have the right to perform for the payee. The oral agreement was alleged to be part of a more comprehensive agreement of which the note was but another part.

The sole question thus presented is whether proof of such agreement would vary the terms of the written contract in violation of the general rule forbidding that the terms of a written contract be varied by proof of a prior or contemporaneous parol agreement. We think the conclusion of this court as expressed in Robert & St. John Motor Co. v. Bumpass, 65 S.W.(2d) 399, 402, based upon the authorities therein cited, is applicable to, and controlling of, the question here presented. The conclusion there declared was: "The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or reducing, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) an agreement that a less sum is to be paid upon a certain contingency or providing for a remission or rebate of a portion of the principal or interest, *or providing that payment is to be made in something besides money.*" (Italics ours.) Applicable authorities relied upon by appellee, in addition to those cited in the foregoing case, are: Waters v. Byers Bros. & Co. (Tex. Civ.App.) 233 S.W. 572; Crooker v. National Phonograph Co. (Tex.Civ.App.) 135 S.W. 647; Roundtree v. Gilroy, 57 Tex. 176; Nixon v. First State Bank, 60 Tex. Civ.App. 7, 127 S.W. 882. To the same effect and dealing with the same question is the more recent opinion of this court in Cottingham v. Harrison, 89 S.W.(2d) 255. Especially applicable to the question here is the statement of Mr. Williston, quoted in said two former opinions of this court, as follows: "If a contract is even partially reduced to writing, the written portion is no more subject to contradiction by parol than the entire contract would be had it been wholly reduced to writing." Williston on Contracts, Vol. 2, § 637. It being our conclusion that there was no error in the action of the court in sustaining the exceptions to appellant's answer, and that the judgment should be affirmed, it is accordingly so ordered.