Freddie Lee KING, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 11025.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1962.

Rehearing Denied Nov. 21, 1962.

Yarborough, Yarborough & Johnson, Roger L. Turner, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., John Orvis, Asst. Dist. Atty., Dallas, for appellee.

ARCHER, Chief Justice.

This is an appeal from a final order of the Texas Department of Public Safety suspending the Plaintiff's driving privileges for a period of one (1) year after administrative findings in the Corporation Court No. 4 of the City of Dallas finding that the Plaintiff was an habitual violator of the traffic laws of the State of Texas and a final order entered by the Texas Department of Public Safety suspending his driving privileges which order pursuant to Article 6687b, Section 22c, Vernon's Ann.Civ.St., was appealed to the County Court at Law No. 2, of Dallas County, Texas.

The appeal is founded on two points and are that the Court erred in granting a summary judgment in favor of the appellee Department, and in failing to grant the appellant, King's motion.

There were attached to the Department's Motion for Judgment, copies of notices of conviction against King which had become final.

King in his Motion for Judgment alleged that while the actions complained of by the Department were within a consecutive 12 month period, the convictions were not within a consecutive 12 month period. There was attached to King's motion his affidavit that Robert Stark alleged to be an officer on the Department's staff informed the corporation court that King's license would be suspended for 4 months.

This appeal to the County Court was taken under the provisions of Art. 6687b, Article IV, Sec. 22(c), Cancellation, Suspension and Revocation of Licenses, and appeal therefrom. Subsection (c) provides for the bringing of suit to vacate and set aside a final ruling and decision suspending a license, to be either before the court or

a jury at the election of the licensee and that the court shall determine the issues, instead of the Department, upon a final de novo trial, and as if there had been no prior hearing on the matter of suspension of said license, and under the rules governing the trial of other civil suits, and that the substantial evidence rule be not used.

The Legislature specifically declared this subsection (c) shall not be severable, and that if held to be invalid, that the amendatory act shall be of no force.

The appellant, as plaintiff in the County Court demanded a jury and filed a pauper's oath in lieu of a jury fee deposit. Since a summary judgment was granted, the appellant has not had an opportunity to submit his case to a jury, in order that his guilt or innocence be determined, and if found guilty what length of time his license be suspended.

■ Proceedings for the suspension of a driver's license are semi-judicial and licensee is entitled to a hearing.

■ There were attached to the motion for summary judgment by the Department notices of conviction in four instances of moving traffic violations, and such have been held to be proper evidence and will support a motion for summary judgment. Smith v. Texas Department of Public Safety, Tex.Civ.App., 352 S.W.2d 958 and cases cited.

In Key Western Life Insurance Company v. State Board of Insurance, Tex., 350 S.W.2d 839, our Supreme Court had for consideration and upheld Article 21.44 of Subchapter F, V.A.C.S., a statute similar to the one involved here in providing for a trial de novo, as constitutional.

■ On a subsequent trial of this case there will likely be an instruction that the notices of conviction when introduced was sufficient evidence to show that appellant was guilty of these offenses leaving only the fact question for the jury of the length

of the suspension of King's license, not to exceed one year.

The judgment of the trial court is reversed and the cause is remanded for a trial.

Reversed and remanded.

HUGHES, Justice (concurring).

The constitutionality vel non of Art. 6687b, Art. IV, Sec. 22(c), V.A.C.S. is not presented by the parties and I express no opinion regarding it. State v. Cortez, 160 Tex. 532, 333 S.W.2d 839. I concur in the result only.