Richard Dean WILLIAMS, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 14201.

Court of Civil Appeals of Texas.

Houston.

Oct. 24, 1963.

Howard M. Wayland, Robert H. Cowie, Houston, for appellant.

Joe Resweber, County Atty., Edward J. Landry, Asst. County Atty., Houston, for appellee.

WERLEIN, Justice.

This is an appeal from the County Court of Harris County, Texas. The record consists of a transcript only. Judgment in the trial court was entered on the pleadings. Appellant's statement of the case, which appellee says in its brief is correct is substantially as follows:

Appellant was tried in Corporation Court No. 3 of Houston, Harris County, Texas, on August 31, 1962 on a petition for an administrative hearing under Article 6687b, Sec. 22, Vernon's Annotated Texas Civil Statutes, filed by the Texas Department of Public Safety wherein it was alleged that the appellant was an habitual violator of the traffic laws of the State of Texas. From an affirmative finding by the judge of the Corporation Court appellant appealed to the County Court of Harris County, Texas. From an order of the County Court dismissing the appeal for want of jurisdiction, appellant has perfected his appeal to this Court.

At the outset we are confronted not only with the question as to whether the County Court of Harris County or the County Civil Court at Law of Harris County had jurisdiction over the appeal from the affirmative finding of the Corporation Court, but also the question whether this Court has jurisdiction over appellant's appeal. A brief discussion of the applicable sections of

748

Article 6687b, Sec. 22, and of the authorities will be helpful in answering both questions.

Appellant contends that the trial court erred in dismissing the case for want of jurisdiction because of the provisions of Article 6687b, Sec. 22(a), V.A.T.S., which provides as follows.

"Upon such hearing, in the event of an affirmative finding by the court; the officer who presides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo. * * *"

Appellee takes the position that the court properly dismissed appellant's appeal since jurisdiction to hear and decide the appeal from such affirmative finding properly lies in the County Civil Court at Law of Harris County. Appellee has furnished this Court with a certified copy of an unreported opinion of the El Paso Court of Civil Appeals in the case styled William Patrick Seery, a Minor, by His Guardian Ad Litem, Frank J. Galvan, Jr. v. The Texas Department of Public Safety, handed down June 27, 1956, in which the court, after reviewing the legislation creating the County Courts at Law of El Paso County, held that the County Court of that county had properly dismissed an appeal from an affirmative finding by the justice of the peace, on the ground that the county court had no jurisdiction.

We do not agree with appellee's contention. The Legislature in 1959 amended Section 22 of the Drivers License Act of 1941 by adding Section 22(c). Section 22(a) was re-enacted in full in the 1959 amendment. The Waco Court of Civil Appeals, in Forbes v. Texas Department of Public Safety, Tex.Civ.App., 335 S.W.2d 439, in a carefully considered opinion, held

Section 22(a), with which we are here concerned, to be valid. Such section specifically provides that in the event of an affirmative finding the licensee may appeal to the County Court of the County wherein the hearing was held, said appeal to be de novo. The appeal under Section 22(a) to the County Court is taken prior to suspension of the driver's license by the Department of Public Safety.

Section 22(c), with which we are not concerned except as it may furnish some light in construing Section 22(a), applies to appeals taken after the driver's license has been suspended, and provides that the licensee may bring suit in the County Court, or County Court at Law, of his residence to vacate and set aside such final ruling and decision suspending his license. Section 31 of Article 6687b, V.A.T.S., with which we are not directly concerned, applies where a person has been denied a license or where his license has been cancelled or revoked by the Department, except where such cancellation or revocation is automatic under the provisions of the Act. It provides for a hearing of the matter in the County Court at Law in the county in which such person shall reside, or if there be no County Court at Law therein, then in the County Court of said county. We mention these other sections of the Act as they clearly show an awareness on the part of the Legislature of the existence of both county courts and county courts at law in certain counties, and indicate that the Legislature intended to designate the courts to which an appeal might lie just as it has done in the Act.

In the recent case of Texas Department of Public Safety v. King, Tex., 1963, 366 S.W.2d 215, our Supreme Court said:

"We construe Section 22(c) to afford a licensee an election between the appeal provisions of Section 22(a) and Section 22(c). He may appeal the affirmative finding of guilt by the hearing officer to the county court under Section 22(a) which does not require

or contemplate an actual suspension of the license by the Department prior, or as a prerequisite, to the appeal.

"If the license is suspended on the basis of suspension reasons 3, 4, 5, 8, or 9 of Section 22(b), the appeal provisions of Section 22(c) are also available to him. In such cases, he can await the order of the Department suspending his license on the basis of the prior affirmative finding of the hearing officer and, if unwilling to accept the decision of the Department, bring an appeal suit pursuant to Section 22(c). This suit is from the final ruling or decision of the Department; it is to vacate and set aside the decision suspending the license. The appeal court is to 'determine the issues in such cause, instead of the Department' and the cause 'shall be tried * * * as if there had been no prior hearing on the matter of suspension.' The suspension order of the Department, however, is not nullified by the appeal but is itself suspended and stayed pending the appeal."

■ It is true that in the King case the appeal was taken from the Corporation Court to the County Court at Law under Section 22(c) of Article 6687b, which permits the licensee, whose license has been suspended under certain paragraphs of Section 22(b), to bring suit in either the County Court or County Court at Law of his residence to vacate and set aside the final ruling and decision of the Department suspending his license. The Supreme Court in said case, however, states in no uncertain language that the licensee may appeal the affirmative finding of guilt by the hearing officer to the County Court under Section 22(a). See also the minority opinion of Justice Gray in Texas Department of Public Safety v. Cocke, Tex.Civ. App., 292 S.W.2d 827. We are of the opinion that both the Legislature and the Supreme Court, with full knowledge of the distinction between county courts and county courts at law, meant exactly what they have said. It is our view, therefore, that the County Court of Harris County does have jurisdiction of appeals under Section 22(a) of the Act.

■ There is an important distinction between an appeal under Section 22(a) and Section 22(c) of the Act. The appeal under Section 22(a) is merely from the affirmative finding of guilt by the hearing officer to the County Court and such appeal does not require or contemplate an actual suspension of the license by the Department prior, or as a prerequisite, to the appeal. Under Section 22(c), however, the appeal is in the nature of a suit brought in the County Court or County Court at Law to vacate and set aside the final ruling and decision of the Department suspending the driver's license, and such appeal is before the court or a jury at the election of the licensee, and the court, in either event, shall determine the issues in such cause upon a trial de novo as if there had been no prior hearing on the matter of suspension of the license. Thus, the appeal under Section 22(c) to the County Court or County Court at Law amounts in fact to a civil suit, from which there may be an appeal to the Court of Civil Appeals as in the case of other civil suits. The fact that the Austin Court of Civil Appeals in King v. Texas Department of Public Safety, 362 S.W.2d 131, and the Supreme Court in Texas Department of Public Safety v. King, supra, entertained the appeal in such case under Section 22(c) necessarily implies that they considered they had jurisdiction over the same.

■ We are of the opinion that upon appeal of the affirmative finding of the Corporation Court or other hearing officer, under Section 22(a), the County Court is called upon to perform an administrative function rather than a judicial one. The County Court merely acts in the same manner as does the Corporation Court and decides the guilt or innocence of the licensee whose license has not been revoked or can-

celled. The court acts as a fact finding tribunal. Upon its affirmative finding the Department may revoke the license. It is not required to do so and may not do so. The ultimate purpose of the proceeding brought by the Department is the revocation or cancellation of the license. Until that purpose has been accomplished or consummated, there is merely an affirmative finding of guilt or innocence by an agency of the government acting in an administrative capacity, but no final judgment of cancellation or revocation of the driver's license from which an appeal can be had to the Court of Civil Appeals.

In Prince v. Garrison, Tex.Civ.App.1952, 248 S.W.2d 241, which was decided before the 1959 amendment adding Section 22(c), the court held on rehearing:

"Although the statute in question is confusing and refers to courts and proceedings therein prior to a cancellation of appellant's driver's license, we believe that the statute intends to refer to the mayor, justice of the peace, 'police' judge and the county judge as administrative, not judicial, officers in the preliminary hearings to determine a question of fact, for instance, whether or not appellant is an habitually reckless driver, and that until and unless appellant's license is revoked by the Department of Public Safety and appellant institutes a judicial proceeding in the County Court, as a court in conformity with art. 6687b, Sec. 31, Vernon's Ann.Civ.St., there is no case in a court and that prior thereto, there is merely a special statutory proceeding before officers acting in an administrative, not judicial capacity. See City of Big Spring v. Garlington, County Judge, Tex.Civ.App., 88 S.W.2d 1095, 1097; Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104, 1105; 28 Tex.Jur., 606."

In Texas Department of Public Safety v. Cocke, Tex.Civ.App., 292 S.W.2d 827, the court held that no appeal to the Court of Civil Appeals lies from the affirmative finding made by the County Court under Section 22(a). See Hernandez v. State, Tex.Civ.App.1911, 135 S.W. 170, error dism. See also Morrow v. Corbin, 1933, 122 Tex. 553, 62 S.W.2d 641, in which the Court said:

"The jurisdictional provisions of the Constitution relating to Courts of Civil Appeals are found in section 6 of article 5 of the Constitution, and in so far as here involved read: 'Sec. 6. * * * Said Court of Civil Appeals shall have *appellate jurisdiction* co-extensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. * * *'"

It is our opinion that thus far there has been no civil case in court and no final judgment rendered from which an appeal to this Court is authorized. The appeal is, therefore, dismissed.