**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Bernice EASTON, Appellee.**

No. 14831.

Court of Civil Appeals of Texas.

Houston.

June 2, 1966.

Joe Resweber, County Atty. of Harris County, and Bruce D. Mosier, Asst. County Atty., Houston, for appellant.

Robert M. Moore, Houston, for appellee.

WERLEIN, Justice.

Appellee, Bernice Easton, filed this suit on September 21, 1965, against Texas Department of Public Safety for the purpose of staying the operation and execution of an administrative order of appellant dated April 29, 1965, suspending the driving privileges and vehicle registrations of appellee because of her being involved as an operator and/or owner in a motor vehicle accident involving personal injuries and a death and property damage. The trial court found that appellee had complied with the requirements of said order by depositing with appellant a bond in the amount of $200.00 and by filing with appellant her motor vehicle liability insurance policy which she took out after the accident; that appellant accepted said bond but rejected said insurance policy; and that appellant notified appellee that such action by her constituted only a partial compliance with said order and the provisions of Article 6701h, Vernon's Annotated Texas Statutes. The court decreed that the said order suspending the vehicle registrations and driving privileges of appellee, because of said accident which occurred on February 9, 1965, be permanently stayed in its operation and execution.

It is our view that the court's judgment permanently staying the operation and execution of the order of the Texas Department of Public Safety is the equivalent of setting aside such order of appellant and

holding the same to be of no force and effect, and that the same is a final judgment from which an appeal lies. The holding of this Court in Williams v. Texas Department of Public Safety, Tex.Civ.App., 371 S.W.2d 747, relied upon by appellee, is inapplicable to the present case not only because appellant in this case had prior to trial entered an order suspending appellee's driving license and driving privileges, but also because the Williams case involves an entirely different fact situation and the construction of a different statutory provision. Our Supreme Court, in Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, held that any order or act of the Department is subject to judicial review by appeal. Section 2(c) of Article 6701h, V.A.T.S., expressly provides that trials in such cases shall be de novo, and tried without regard to any prior holding of fact or law by the Department and that the judgment entered shall be only upon the evidence offered at the trial by the court.

The transcript in this case contains an agreed statement of facts which recites that no evidence was offered at the hearing other than that contained in such statement. It was shown at the hearing that as the result of a motor vehicle accident on February 9, 1965, at which time appellee was operating an automobile not insured with public liability insurance, appellee was required by appellant to post security in the amount of $200.00 and file proof of financial responsibility for the future, or to file releases from the City of Houston with appellant, and appellee was advised that in event of her failure to comply "your driver's license and all your motor vehicle registration certificates and license plates are suspended. * * Effective date of suspension May 20, 1965." Appellee introduced evidence that she had posted the necessary security by filing a bond in the sum of $200.00. She also introduced evidence of a motor vehicle liability insurance policy which she purchased after said accident. The evidence shows that appellant accepted the $200.00 bond but re-

jected the insurance policy, asserting that appellee had only partially complied with the provisions of Article 6701h, V.A.T.S., and advis'ng her that she could completely comply with said statute by filing with appellant a Form SR 22 which was attached to said agreed statement as Exhibit "C", and that after filing the same appellee's suspension would be lifted.

Appellee asserts that under Article III of 6701h, V.A.T.S., there are no requirements for proof of financial responsibility for the future except in connection with Section 17 which provides for subsequent proof of financial responsibility in cases where the Department suspends registrations of motor vehicles and revokes licenses upon receiving a record of a conviction or a forfeiture of bail or a plea of guilty. Section 5(b) of Article 6701h was amended by Act of the 58th Legislature in 1963, effective January 1, 1964, which was prior to the accident in question. As amended it provides for the suspension of the driver's license and all registrations of each operator and owner of a motor vehicle, unless such operator, owner or operator and owner shall deposit security in a sum determined by the Department, and in no event less than $200.00, *and unless such operator and owner shall give proof of financial responsibility.* Hence, the Department was authorized to enter the order suspending appellee's license and registrations if she failed to give proof of financial responsibility in addition to depositing the security required of her. It is appellee's contention that the furnishing of the indemnity insurance policy which she introduced in evidence was a sufficient compliance with the statute and constituted proof of financial responsibility.

The question then arises as to what constitutes proof of financial responsibility. Section 1, subd. 10 provides that proof of financial responsibility is proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the

ownership, maintenance or use of a motor vehicle in the amount of $10,000.00 because of injury or death to one person in any one accident, and $20,000.00 because of bodily injury to or death of two or more persons in any one accident, and $5,000.00 because of injury to or destruction of property of others in any one accident. Section 7 of Article 6701h, as amended in 1963, provides that, "The license and registration and nonresident's operating privilege suspended as provided in Section 5 shall remain so suspended and shall not be renewed nor shall any such license or registration be issued to such person until:

"1. Such person shall deposit and file or there shall be deposited and filed on his behalf the security *and proof required under* Section 5 and under this Section; * * *." (Emphasis supplied.)

Then follow certain other provisions with respect to the duration of suspension, which are not pertinent to the instant case. The proof required under Section 5 is proof of financial responsibility. The proof as shown in Section 1, subd. 10 of Article 6701h must be proof of ability to respond in damages in the amounts hereinabove indicated. The question next arises, In what manner or method must such proof be given? Section 18 of Article 6701h is not limited to cases where there has been a judgment or a conviction. It applies to proof of financial responsibility when such is required under the Act with respect to a motor vehicle, and provides for alternate methods of giving proof, and further provides that no motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such proof shall be furnished for such motor vehicle. The four alternate methods of giving proof are:

"1. A certificate of insurance as provided in Section 19 or Section 20; or

"2. A bond as provided in Section 24; or

"3. A certificate of deposit of money or securities as provided in Section 25; or

"4. A certificate of self-insurance, as provided in Section 34 * * *."

No other manner of proof has been authorized by Article 6701h. Furthermore, the Department is given the power and authority under Sec. 2(a )of the Act to make rules and regulations necessary for the administration of the Act, and it has prescribed the form of certificate for giving proof of financial responsibility.

▮ In the instant case appellee failed to give proof of financial responsibility in any one of such alternate methods. Appellee contends, however, that the insurance policy which she furnished is sufficient proof of financial responsibility. We do not agree with appellee's contention. Section 19 clearly shows that the certificate referred to in Section 18, subd. 1 is not an indemnity policy or liability policy. Section 19(a) provides:

"Proof of financial responsibility may be furnished by filing with the Department the written certificate of any insurance company duly authorized to write motor vehicle liability insurance in this State certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. Such certificate shall give the effective date of such motor vehicle liability policy, which date shall be the same as the effective date of the certificate, and shall designate by explicit description or by appropriate reference all motor vehicles covered thereby, unless the policy is issued to a person who is not the owner of a motor vehicle."

Section 19(b) provides: "No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such motor vehicle is so designated in such a certificate."

It is thus seen that the certificate of insurance as provided in Section 18, subd. 1, which is described in Section 19(a), is not the same as an indemnity or liability insurance policy. This is further shown by Section 21(a), which provides:

"A 'motor vehicle liability policy' as said term is used in this Act shall mean an owner's or an operator's policy of liability insurance, certified as provided in Section 19 or Section 20 as proof of financial responsibility, and issued, * * *, by an insurance company duly authorized to write motor vehicle liability insurance in this State, to or for the benefit of the person named therein as insured."

Then followed various provisions showing what the motor vehicle liability policy shall contain.

■ In her brief appellee, in conceding that there is a difference between "a certificate of insurance" and "an ordinary insurance policy" as asserted by appellant, states: "The distinction shown is that under those instances requiring proof of future insurability, the Department must have at least five (5) days notification before cancellation of the insurance policy provided for." Appellee takes the position, however, that the "certificate of insurance" is not necessary except in cases in which a driver's license is automatically cancelled when convicted of certain serious offenses, or where there is a revocation of a license under circumstances which would involve the operation of some provision of Article IV of Article 6701h, V.A.T.S., where a judgment or conviction has been obtained against the licensee. As hereinabove stated, we are of the opinion that the requirement of the Department for a certificate of insurance as provided in Sections 19 and 20 is not limited to such cases since the amendment of 1963 of Section 5(b) providing that the operator and owner shall give proof of financial responsibility. Furthermore, Section 18 of Article 6701h, which provides alternate methods of giving proof of financial responsibility, is not limited to the provisions of Section 17 as contended by appellee, but covers any case in which proof of financial responsibility is required under the Texas Motor Vehicle Safety-Responsibility Act.

An ordinary indemnity or liability insurance policy could be cancelled by the insurer without five days' notice to the Department. The financial responsibility insurance certificate provides for certification by the insurer that it has issued to the named insured a motor vehicle liability policy as required by the financial responsibility laws of this State, and that such policy is in effect on the effective date of the certificate. In giving such certificate the insurance company certifies in effect that the policy issued shall not be cancelled or terminated until at least five days after notice of cancellation or termination of the insurance so certified shall be received by the office of the Department as provided in Section 22 of the Act. This certification is necessary in order that the Department may take immediate action with respect to requiring the maintenance of financial responsibility by the owner or operator of the motor vehicle when his or her policy is cancelled or about to be cancelled.

The judgment of the trial court is reversed and judgment is here rendered that the suspension by the Texas Department of Public Safety of appellee's driver's license and motor vehicle registration certificates and license plates effective May 20, 1965 for failure to file proof of financial responsibility for the future as provided by Article 6701h, V.A.T.S., be and the same is continued in force subject to the provisions of the Texas Motor Vehicle Safety-Responsibility Act as amended.

Reversed and rendered.