TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Billy Bernice STORY, Appellee.

No. 10–97–258–CV.

Court of Appeals of Texas, Waco.

May 26, 1999.

Publication Ordered June 21, 2001.

Charles Karakashian, Jr., Texas Dept. of Public Safety, Austin, John W. Segrest, Crim. Dist. Atty., Waco, for appellant.

Pat Beard, Beard & Kultgen, Waco, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS (not participating), and Justice VANCE.

## OPINION

DAVIS, Chief Justice.

The Department of Public Safety ("DPS") suspended Billy Bernice Story's driver's license due to Story's refusal to provide a specimen of his breath for analysis following his arrest for driving while intoxicated. An administrative law judge ("ALJ") upheld the suspension, and Story appealed to the County Court at Law (the "reviewing court"). The reviewing court reversed the decision of the ALJ, and rendered judgment in Story's favor. DPS appeals the judgment of the reviewing court.

■ Neither party questions our jurisdiction over this case. Nevertheless, we must always examine our jurisdiction, even if *sua sponte*. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied).

## PERTINENT AUTHORITIES

### THE TEXAS CONSTITUTION

Article V, section 6 of the Texas Constitution establishes the jurisdiction of this Court. TEX. CONST. art. V, § 6. According to this provision, our jurisdiction extends to: (1) "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"; and (2) "such other [cases] as may be prescribed by law." *Id.*

■ Our jurisdiction over civil cases under article V, section 6 "is not unlimited or

absolute." *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex.1980) (per curiam); *Harbison v. McMurray*, 138 Tex. 192, 196, 158 S.W.2d 284, 287 (1942); *accord Texas Dep't of Pub. Safety v. Levinson*, 981 S.W.2d 5, 6 (Tex.App.—San Antonio 1998, pet. granted, judgm't vacated w.r.m.). Rather, it is subject to the limitations set by the Legislature. *See Harbison*, 138 Tex. at 196, 158 S.W.2d at 287; *Levinson*, 981 S.W.2d at 6.

### GENERAL STATUTORY PROVISIONS

An administrative license suspension "is a civil matter." TEX. TRANSP. CODE ANN. § 724.048(a)(1) (Vernon 1999). The Legislature has set the limits of our general jurisdiction over civil matters in section 22.220 of the Government Code. TEX. GOV'T CODE ANN. § 22.220 (Vernon 1988). Section 22.220 provides in pertinent part that we have jurisdiction in civil cases in which the judgment rendered or the amount in controversy exceeds $100. *Id.; accord* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997).

The Legislature has also "prescribed" our jurisdiction over other civil appeals which do not necessarily meet the jurisdictional requirements of section 22.220. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 51.011 (Vernon 1997) (allowing appeal of county or district court judgment on certiorari from justice court); *Id.* § 51.014 (Vernon Supp.1999) (allowing interlocutory appeals); TEX. GOV'T CODE ANN. § 2001.901(a) (Vernon 1999) (allowing appeal of "district court judgment" in administrative appeal); TEX. PROP.CODE ANN. § 24.007 (Vernon Supp.1999) (regulating appeals in forcible entry and detainer suits).

### "APPEALS" UNDER THE IMPLIED CONSENT LAW

The pertinent provisions of the Transportation Code provide a two-level "ap-

peal" from the suspension of a driver's license for refusal to submit a breath specimen. Section 724.041 authorizes a person who has received notice of suspension from DPS to obtain review of the suspension before an administrative law judge. TEX. TRANSP. CODE ANN. § 724.041 (Vernon 1999). The losing party may appeal the ALJ's determination to the county court at law. *Id.* §§ 524.041(b), 724.047 (Vernon 1999).[1] Chapter 524 does not provide for an appeal from the judgment of the county court at law.

According to section 524.002(b), the Administrative Procedure Act (the "APA") applies to appeals from administrative license suspensions "to the extent consistent with [chapter 524]." *Id.* § 524.002(b). The APA is found in chapter 2001 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 2001.001–2001.902 (Vernon 1999). The only provision for appeals in the APA is section 2001.901, which provides:

> **§ 2001.901. Appeal From District Court**
>
> (a) A party may appeal a final district court judgment under this chapter in the manner provided for civil actions generally.
>
> (b) An appeal bond may not be required of a state agency.

*Id.* § 2001.901.

The APA does not apply to license suspensions authorized by subchapter N (suspensions for those deemed "incapable of safely operating a motor vehicle"), O, or P (automatic suspensions upon final conviction of certain offenses) of chapter 521 of the Transportation Code; chapter 522 (commercial drivers' licenses) or 601 (safety responsibility suspensions) of that Code; or article 42.12, section 13 of the Code of Criminal Procedure (revocations for failure to complete DWI education program or for revocation of DWI community supervision). *Id.* § 2001.221.

### APPELLATE DECISIONS

In *Texas Department of Public Safety v. Lavender,* we determined that we had jurisdiction over an appeal in which a driver's license had been suspended under the former article 6701*l*—5 because of the licensee's refusal to provide a specimen of his breath for analysis following his arrest for driving while intoxicated. 935 S.W.2d 925, 928–29 (Tex.App.—Waco 1996, writ denied). The current statutes governing such license suspensions and appeals are substantively identical to the statutes we construed in *Lavender. Compare* TEX. TRANSP. CODE ANN. §§ 524.041–524.044, 724.047 *with* Act of May 29, 1993, 73d Leg., R.S., ch. 886, §§ 1, 12, 1993 Tex. Gen. Laws 3515, 3518–20, 3527 (repealed 1995).[2]

---

1. Section 724.047 provides that chapter 524 of the Transportation Code governs appeals of ALJ decisions in breath test refusal cases. TEX. TRANSP. CODE ANN. § 724.047 (Vernon 1999). Section 524.041 provides that such appeals must be filed in the county court at law or, if none, in the constitutional county court. *Id.* § 524.041(b) (Vernon 1999). Cases filed in the constitutional county court must be transferred to a district court on the motion of either party or the judge if the county judge is not a licensed attorney. *Id.*

2. Section 1 of chapter 886 contains the former article 6687*b*—1, which governed the license suspension for a person whose breath or blood specimen revealed an alcohol concentration in excess of 0.10. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516–20 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. §§ 524.001–524.051). Article 6687*b*—1, section 7(g)-(k) sets forth the appeal provisions now contained in sections 524.041 through 524.044 of the Transportation Code. *Id.* at 3518–19 (current version at TEX. TRANSP. CODE ANN. §§ 524.041–524.044). Chapter 886 also contains section 2 of the former article 6701*l*—5, which governed the license suspension for a person who refused to provide a

Lavender claimed that we lacked jurisdiction "because (1) there is no specific authorization for an appeal from the county court within article 6687b—1 and (2) DPS is only allowed to appeal 'issues of law.' " *Lavender*, 935 S.W.2d at 927. We analyzed and rejected both of his specific jurisdictional challenges on the basis of section 2001.901 of the APA. *Id.* at 928–29. That is, because the APA applies to proceedings under chapter 524 of the Transportation Code (the former article 6687b—1) to the extent consistent with that chapter and because section 2001.901 of the APA authorizes appeals "in the manner provided for civil actions generally," we essentially concluded that no express provision for an appeal in chapter 524 is necessary because it is provided in the APA. *Id.*[3] Although we acknowledged in *Lavender* that section 2001.901 authorizes appeals from only "district court" judgments in administrative cases, we did not discuss the effect of this apparent limitation on our jurisdiction. *See id.* at 928.

The San Antonio Court of Appeals has held that, notwithstanding the "district court" terminology of section 2001.901(a), the statute also permits appeals from county courts because the APA does not require that suits be filed in district courts if another statute provides otherwise and because any other interpretation "would create disparate results" in license suspension cases transferred to district courts in counties which do not have county courts at law and in which the county judge is not a licensed attorney. *Shirley v. Texas Dep't of Pub. Safety*, 974 S.W.2d 321, 323

(Tex.App.—San Antonio 1998, no pet.) (citing Tex. Gov't Code Ann. § 2001.176(b)(1); Tex. Transp. Code Ann. § 524.041(b)).

The Beaumont Court of Appeals addressed its jurisdiction in *Texas Department of Public Safety v. Jones*, 938 S.W.2d 785 (Tex.App.—Beaumont 1997, no writ). That court recognized that the courts of appeals have jurisdiction over civil matters "under such restrictions and regulations as may be prescribed by law." *Id.* at 786 (quoting Tex. Const. art. V, § 6). The court then reviewed chapter 524 and determined that "[t]he only restriction of appeal" therein is found in section 524.041(d) which limits DPS's "right to appeal" "to issues of law." *Id.* (quoting Tex. Transp. Code Ann. § 524.041(d)). Thus, the court concluded it has jurisdiction over such appeals. *Id.*

We now must decide whether the language of section 2001.901(a) limiting our jurisdiction to appeals from "district court" judgments in administrative cases may be construed to include appeals from county court at law judgments in such cases, as the court in *Shirley* determined, or whether we have jurisdiction over such appeals because the Legislature has not "restricted" our jurisdiction over them, as the *Jones* court concluded.

## STATUTORY CONSTRUCTION

### THE BASIC RULES

 Our primary objective in construing a statute is to determine the Legis-

breath or blood specimen. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws at 3523–27 (repealed 1995) (current version at Tex. Transp. Code Ann. §§ 724.001–724.048). Section 4 of article 6701l–5 provided that appeals in refusal cases were governed by article 6687b—1. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 12, 1993 Tex. Gen. Laws at 3527 (repealed

1995) (current version at Tex. Transp. Code Ann. § 724.047).

**3.** At least one court has relied on *Lavender* to support its jurisdiction without discussing the merits of the decision. *Texas Dep't of Pub. Safety v. Watson*, 945 S.W.2d 262, 265 n. 4 (Tex.App.—Houston [1st Dist.] 1997, no writ).

lature's intent. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997) (orig.proceeding). When a statute is unambiguous, we determine legislative intent "from the plain and common meaning of the words used." *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). As the Supreme Court has reiterated "many times":

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985) (quoting *Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (1920)); *accord Agbor*, 952 S.W.2d at 505.

■■■ However, a court should "not decide the scope or meaning of statutory language by a bloodless literalism in which text is viewed as if it had no context" if such will "produce unjust, absurd, or unreasonable results." *West Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 532 (Tex. App.—Austin 1994, no writ); *accord Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991). Additionally, we will decline to follow the plain meaning when it is "obviously contrary to the legislature's intent." *Bridgestone/Firestone, Inc. v.*

*Glyn–Jones*, 878 S.W.2d 132, 134 (Tex. 1994).

## OMISSIONS IN LEGISLATION

■■■ The courts are "not responsible for omissions in legislation." *Agbor*, 952 S.W.2d at 505. Moreover, omissions in an enactment are presumed intentional. *In re Ament*, 890 S.W.2d 39, 41 (Tex.1994).

> All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.

*McBride v. Clayton*, 140 Tex. 71, 76–77, 166 S.W.2d 125, 128 (1942); *accord Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990).

In other statutes authorizing appeal, the Legislature has made express reference to judgments of both "county" and "district" courts. Section 51.011 of the Civil Practice and Remedies Code governs appeals from hearings on certiorari from justice court.[4] TEX. CIV. PRAC. & REM.CODE ANN. § 51.011. This statute provides for an appeal similar to that provided for by the APA in section 2001.901, except the former allows for "an appeal or writ of error from the judgment of the county or district court." *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 51.011 *with* TEX. GOV'T CODE ANN. § 2001.901(a).

---

**4.** A person may file a writ of certiorari in the appropriate county or district court so long as the judgment rendered in the justice court or

the amount in controversy exceeds $20. TEX. CIV. PRAC. & REM.CODE ANN. § 51.002 (Vernon 1997).

Moreover, article V, section 6 of the Texas Constitution and the general statutes regulating civil appeals expressly provide for appeals from district or county courts. Article V, section 6 provides that we have jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction." TEX. CONST. art. V, § 6. Section 22.220 of the Government Code vests appellate courts with jurisdiction of cases in which "the district courts or county courts have jurisdiction" and in which the amount in controversy requirement is satisfied. TEX. GOV'T CODE ANN. § 22.220(a). Section 51.012 similarly provides for an appeal in such cases from the "judgment of the district or county court." TEX. CIV. PRAC. & REM.CODE ANN. § 51.012.

## PRIOR LAW

In addition to construing a provision in light of existing statutes covering the same or similar subjects, the Code Construction Act permits us to consider the "common law" and "former statutory provisions" when construing a particular provision. TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998).

The original implied-consent law provided a two-tiered review process similar to that provided by chapter 724 of the Transportation Code. To obtain a suspension on account of a driver's refusal to provide a breath specimen under the former law, DPS had to follow the procedures provided in section 22(a) of the general driver's license statute then found in former article 6687 b. See Act of May 24, 1969, 61st Leg., R.S., ch. 434, § 2, 1969 Tex. Gen. Laws 1468, 1468–69 (repealed 1993). Under section 22(a), DPS had to request a hearing before "the mayor of the city, or judge of the police court, or a justice of the peace." Act of Apr. 14, 1941, 47th Leg., R.S., ch. 173, § 22(a), 1941 Tex. Gen. Laws 245, 252 (amended 1993) (current version at TEX. TRANSP. CODE ANN. § 521.293(a) (Vernon 1999)).[5] If the hearing officer found in DPS's favor, DPS could then suspend the license. *Id.* (current version at TEX. TRANSP. CODE ANN. § 521.294(f) (Vernon 1999)).

"Appeals" from such suspensions were governed by section 31 of article 6687 b. See Act of May 24, 1969, 61st Leg., R.S., ch. 434, § 4, 1969 Tex. Gen. Laws at 1470 (amended 1993) (current version at TEX. TRANSP. CODE ANN. § 724.047). Under section 31, a licensee could "appeal" his suspension to a county court at law or a constitutional county court in those counties without a county court at law. Act of Apr. 14, 1941, 47th Leg., R.S., ch. 173, § 31, 1941 Tex. Gen. Laws 245, 255 (amended 1993) (current version at TEX. TRANSP. CODE ANN. § 521.302 (Vernon 1999)). A similar right of "appeal" exists under the current statute.[6] TEX. TRANSP. CODE ANN. § 521.302.

Article 6687b license suspensions were not subject to administrative review however. In both the original and current

---

5. The officials designated to hear suspension cases remained unchanged until 1993 when the Legislature provided that such hearings be held before a "hearing officer, judge of the municipal court, or a Justice of the Peace." *See* Act of May 26, 1993, 73d Leg., R.S., ch. 796, § 7, 1993 Tex. Gen. Laws 3156, 3159–60. These are the same officials designated under the current statute to hear such cases. *See* TEX. TRANSP. CODE ANN. § 521.293(a) (Vernon 1999).

6. DPS did not have a right to "appeal" under article 6687b as originally enacted. The Legislature gave DPS a right of appeal in 1987. *See* Act of May 23, 1987, 70th Leg., R.S., ch. 1127, § 6, 1987 Tex. Gen. Laws 3858, 3861 (repealed 1993) (current version at TEX. TRANSP. CODE ANN. § 521.294(g) (Vernon 1999)).

versions of the APA, the Legislature expressly excluded license suspensions under the former article 6687b, currently codified as chapter 521 of the Transportation Code, from administrative review. *Compare* TEX. GOV'T CODE ANN. § 2001.221(1) *with* Administrative Procedure and Texas Register Act, 64th Leg., R.S., ch. 61, § 21(a), 1975 Tex. Gen. Laws at 147.

 Our research reveals few cases analyzing the jurisdiction of the courts of appeals or courts of civil appeals over cases arising under the former article 6687b.[7] In *Department of Public Safety v. Robertson*, the appellee challenged the Eastland court's jurisdiction. 203 S.W.2d 950 (Tex.Civ.App.—Eastland 1947, no writ). The court rejected his challenge concluding that "had it been the legislative intent that no appeal be allowed under [article 6687b], the legislature would have so provided and that the failure so to do leaves the right of appeal controlled by the general rule in full force and effect." *Id.* at 951.

Until 1985, the "general rule" for civil appeals was found in part in the former article 2249 which provided for an appeal:

from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars.

Act approved Feb. 21, 1927, 40th Leg., R.S., ch. 52, § 1, 1927 Tex. Gen. Laws 75, 75 (amended 1981) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 51.012). The courts construed article 2249 to provide for an appeal from the county court in all cases of which the county court had original jurisdiction without regard to the amount in controversy and in those cases of which the county court had appellate jurisdiction only when the judgment or amount in controversy exceeded $100. *Panther Oil & Grease Mfg. Co. v. Crews*, 124 S.W.2d 436, 438 (Tex.Civ.App.—Amarillo 1939, no writ); *Stavely v. Stavely*, 94 S.W.2d 545, 548 (Tex.Civ.App.—Eastland 1936, writ dism'd).[8]

The Houston Court of Civil Appeals addressed its jurisdiction over article 6687b cases in *Williams v. Texas Department of*

---

7. This is not to say there are no decisions from the courts of civil appeals or the Supreme Court in license suspension cases. To the contrary, such cases are legion. At least one court of civil appeals determined that the fact the courts entertained appeals in such cases "necessarily implies that they considered they had jurisdiction over the same." *Williams v. Texas Dep't of Pub. Safety*, 371 S.W.2d 747, 749 (Tex.Civ.App.—Houston 1963, no writ). However, we decline to imply jurisdiction from the mere fact that appellate courts have historically entertained such appeals. *See Harbison v. McMurray*, 138 Tex. 192, 196, 158 S.W.2d 284, 287 (1942) (jurisdiction of courts of civil appeals limited to those cases provided for by statute); *accord Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980) (per curiam); *Texas Dep't of Pub. Safety v. Levinson*, 981 S.W.2d 5, 6 (Tex.App.—San

Antonio 1998, pet. granted, judgm't vacated w.r.m.).

8. The Legislature amended article 2249 in 1981 only to change the designation of the "Court of Civil Appeals" to the "Court of Appeals" as part of the same legislation in which the Courts of Appeals received appellate jurisdiction in criminal cases. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 291, §§ 55, 102, 1981 Tex. Gen. Laws 761, 785, 802. The fact that the Legislature failed to substantively amend article 2249 indicates an intent that the construction given to the statute by the courts in *Stavely* and *Crews* be applied. *See Fleming Foods of Tex., Inc. v. Sharp*, 951 S.W.2d 278, 282 (Tex.App.—Austin 1997, pet. denied) ("when the legislature re-enacts a statute without substantive change, it is presumed the legislature adopted the interpretation placed on the original act").

*Public Safety.* 371 S.W.2d 747 (Tex.Civ. App.—Houston 1963, no writ). That court observed that an "appeal" in a license suspension case "is in the nature of a suit brought in the County Court or County Court at Law to vacate and set aside the final ruling and decision of [DPS] suspending the driver's license." *Id.* at 749. Moreover, the suit is heard by the court or jury "de novo as if there had been no prior hearing on the matter." *Id.* Thus, the court concluded it had jurisdiction in such cases "as in the case of other civil suits." *Id.*

We read *Williams* to say that under article 2249 the appellate courts had jurisdiction over license suspension appeals because such proceedings were cases in which the county court had exercised original jurisdiction. *See Crews,* 124 S.W.2d at 438; *Stavely,* 94 S.W.2d at 548. In 1985 however, the Legislature significantly rewrote article 2249 when it recodified the statute as section 51.012 of the newly-enacted Civil Practice and Remedies Code. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 51.012, 1985 Tex. Gen. Laws 3242, 3280.

Under section 51.012, a person can appeal from a final judgment of the county court in "a civil case in which the judgment or amount in controversy exceeds $100." Tex. Civ. Prac. & Rem.Code Ann. § 51.012. The statute no longer makes a distinction between cases in which the county court has exercised original jurisdiction and those in which it has exercised appellate jurisdiction. *Cf.* Act approved Feb. 21, 1927, 40th Leg., R.S., ch. 52, § 1, 1927 Tex. Gen. Laws at 75 (the former article 2249).

■ By substantively amending the statute, the Legislature manifested its in-

tent that the amount in controversy requirement thenceforth extends to both cases in which the county court has exercised original jurisdiction and those in which the court has exercised appellate jurisdiction. *See Blount v. Dutton,* 967 S.W.2d 955, 957 (Tex.App.—Beaumont 1998, no pet.) (new phraseology in codified version of "statute previously in force will not work a change in the law previously declared, unless it *indisputably* appears that such was the intent of the legislature").

## PRESENT LAW

In 1993, the Legislature enacted article 6687b—1 (commonly known as the ALR [9] statute) which provided for administrative review of license suspensions for persons whose breath or blood specimen revealed an alcohol concentration in excess of 0.10. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws at 3516–20 (repealed 1995) (current version at Tex. Transp. Code Ann. §§ 524.001–524.051). The APA applied to such proceedings "to the extent not inconsistent" with article 6687b—1. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws at 3520 (repealed 1995) (current version at Tex. Transp. Code Ann. § 524.002(b)). Simultaneously, the Legislature amended the implied-consent law to provide that appeals under the implied-consent law would be governed by article 6687b—1 rather than article 6687b. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 12, 1993 Tex. Gen. Laws at 3527 (repealed 1995) (current version at Tex. Transp. Code Ann. § 724.047). Thus, license suspensions for persons who refused to provide a breath or blood specimen first became subject to the administrative re-

---

9. "ALR" refers to the administrative license revocation (or suspension) procedures established by the act. *See, e.g., Ex parte Ledbetter,* 925 S.W.2d 283, 284 (Tex.App.—Corpus Christi 1996, no pet.).

view process of article 6687*b*—1 and the APA, to the extent consistent with article 6687*b*—1, in 1993.

The present provisions of chapters 524 and 724 of the Transportation Code are substantively identical to their predecessors in articles 6687*b*—1 and 6701*l*—5 respectively. Neither expressly provides for an appeal from the judgment of the county court at law. As already discussed, the APA does not expressly provide for an appeal from the judgment of the county court at law.

## APPLICATION

■ The Texas Constitution vests the Courts of Appeals with general jurisdiction in civil cases "under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. The Legislature has restricted our general jurisdiction in civil cases to those in which the judgment or amount in controversy exceeds $100. TEX. GOV'T CODE ANN. § 22.220(a). Article V, section 6 also bestows on the Courts of Appeals "such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. In administrative appeals such as the one presented here by DPS, the Legislature has "prescribed" that a party may prosecute an appeal from the final judgment of only a district court. TEX. GOV'T CODE ANN. § 2001.901(a). The Transportation Code does not provide for an appeal from the judgment of the county court at law in

administrative license suspension cases. Neither does the APA provide for an appeal from the judgment of a county court at law in such cases.

The San Antonio court determined that applying the plain language of section 2001.901(a) in these cases "would create disparate results." *Shirley*, 974 S.W.2d at 323. Accordingly, the court interpreted the statute to authorize appeals also from county courts. *Id.* We respectfully disagree. The language of the statute unambiguously provides for appeals of administrative determinations only in those cases arising from the district courts. TEX. GOV'T CODE ANN. § 2001.901(a). This of itself is determinative of the Legislature's intent in drafting the statute. *See Agbor*, 952 S.W.2d at 505.[10]

Moreover, the Legislature has enacted at least three other jurisdictional statutes which expressly provide for appeals from the judgments of district *and* county courts. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.011, 51.012; TEX. GOV'T CODE ANN. § 22.220(a). Section 2001.901 fails to provide for an appeal from the county courts. We must presume the Legislature intentionally omitted any reference to the county courts when it enacted section 2001.901. *See Ament*, 890 S.W.2d at 41.

■ Because the courts of civil appeals did have jurisdiction over license suspension appeals when the implied-consent law was first enacted in 1969, it could be ar-

---

10. It could be argued that following the plain language of section 2001.901(a) produces an "absurd" result which the Legislature could not possibly have intended. *See Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991). However, we reject such an argument for the following reasons. A driver's license is a privilege, not a right. *Texas Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985). The right to appeal a license suspension does not even exist absent statutory authorization. *Id.* On the other side of the

coin, DPS did not have a right to seek review of an adverse ruling in a license suspension proceeding until 1987. *See* note 6, *supra*. It follows then that the Legislature may properly restrict such appeals (whether by a licensee or DPS). Given the well-documented backlog of cases currently pending in the appellate courts of this State, it is not "absurd" to believe that the Legislature imposed this jurisdictional limitation in an effort to alleviate this backlog.

gued that the Legislature never intended for that jurisdiction to lapse. However, the Legislature eliminated that jurisdiction in 1985 when it substantively amended the former article 2249 as section 51.012 of the newly-enacted Civil Practice and Remedies Code. Under section 51.012, all civil cases must meet the amount in controversy requirement for jurisdiction to attach if no other provision provides jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012. We may not read section 2001.901(a) to provide an exception to the requirements of section 51.012 when the words of that statute do not "in their plain sense fairly sanction" and "clearly sustain" such a reading. *Agbor*, 952 S.W.2d at 505.

The Beaumont court held that the only restriction on license suspension appeals is that DPS "is limited to issues of law" in such appeals. *Jones*, 938 S.W.2d at 786 (quoting TEX. TRANSP. CODE ANN. § 524.041(d)). We respectfully disagree. The APA does not permit appeals from the county courts at law in such cases, and the Legislature has enacted no other statute giving us jurisdiction over such cases. Thus, our jurisdiction over such cases is restricted to those in which the judgment or amount in controversy exceeds $100. TEX. GOV'T CODE ANN. § 22.220(a); TEX. CIV. PRAC. & REM.CODE ANN. § 51.012. The record in this case contains no evidence demonstrating that the amount in controversy requirement has been satisfied. Accordingly, we lack jurisdiction over this appeal because it does not satisfy the requirements of section 22.220(a) of the Government Code or section 51.012 of the Civil Practice and Remedies Code.

## CONCLUSION

This license suspension appeal arises from a county court at law. The APA does not permit appeals in such cases. The record contains no evidence that the amount in controversy requirement for civil appeals generally has been satisfied. Accordingly, we dismiss this appeal for want of jurisdiction.